AARON H. SMITH *v.* L. D. HILL, F. C. HARRINGTON, AND FRANCIS RICHARDSON.

### *Partnership.   Practice.*

If one suffers another to hold him out as a partner, or to use his name in business as such, he is liable as a partner on a contract thus made, although in fact he has no interest in the business of such partnership.

H. and Harrington were never partners, and no such firm as H. & Co. ever existed; but Harrington gave the plaintiff a note for some staging property purchased by him, signed, "H. & Co. by Harrington," without the knowledge of H. Two or three years before said note was given, H. was informed that Harrington was using the name of H. & Co. in his staging business, and he afterwards saw Harrington and told him he must not use that name to injure him, and he said he would not. The plaintiff did not know of such previous use of that name at the time said note was given, and it did not appear whether Harrington made any representations to him at that time. *Held*, that H. was liable on said note.

*Held*, also, that, inasmuch as the signature to said note disclosed the name of H., it made no difference that the plaintiff did not know of the previous use of H.'s name as aforesaid, at the time said note was executed, for the legal intendment is, that the payee takes a note upon the faith of the persons whose names appear upon it as makers.

In cases tried by the court in the county court, when the facts are found by that court, it is the common practice of the supreme court, if the judgment of the county court is reversed, to proceed and render such final judgment as the facts warrant.

ASSUMPSIT upon a-promissory note, signed "L. D. Hill & Co. by F. C. Harrington," and also by Francis Richardson. Plea, the general issue, and trial by the court, June term, 1872, Ross, J., presiding.

There never existed any such firm as L. D. Hill & Co. None of the defendants were ever in company with each other in any kind of business. Two or three years before said note was given, a man in Island Pond notified the defendant Hill, that Harrington was using the name of L. D. Hill & Co. in his staging business. Hill afterwards saw Harrington, and told him he must not use that name to injure him, and Harrington said he would not. Hill knew nothing of the giving of said note till about the time this suit was commenced. It did not appear that the plaintiff knew of the previous use of Hill's name by Harrington in his staging business ; nor did it appear whether Harrington made any represent- ations to the plaintiff at the time he signed the note. At that time he gave the plaintiff's notes to the amount of $1600 for the purchase of some staging property, and paid them himself, except the balance due on the note in question. Hill was never called upon to pay anything on paper thus signed, until this suit was brought. There was no service on Richardson, and Harrington made no defense. Judgment for the defendant Hill, and against the defendant Harrington. To the rendition of judgment for Hill, the plaintiff excepted.

*C. H. Davis*, for the plaintiff, cited *Cottrill* v. *Vanduzen et als.* 22 Vt. 511; *Stearns* v. *Haven et als.* 14 Vt. 540; *Kellogg* v. *Griswold*, 12 Vt. 291; *Bailey* v. *Clark*, 6 Pick. 572 ; and insisted that Hill acquiesced in Harrington's use of his name after it came to his knowledge, and fully authorized him to continue its use.

*Belden & May*, for the defendants, cited *Carter* v. *Whalley et als.* 1 B. & Ad. 11; Parsons Part. (marginal) 119, 124, 130 ; *Stearns* v. *Haven et als. supra ; Hicks* et al. v. *Cram et al.* 17 Vt. 449 ; *Cottrill* v. *Vanduzen et als. supra ; Young* v. *Axtell*, 2 H. Bl. 242 ; *Wood* v. *Pennell*, 51 Me. 52 ; *Mathews* v. *Felch et als.* 25 Vt. 536 ; 3 Kent Com. 33.

The opinion of the court was delivered by

PECK, J.   If one suffers another to hold him out as a partner, or to use his name in business as such, he is liable as a partner on a contract thus made, although in fact he has no interest in the business of such partnership.   When the defendant Hill was informed that Harrington, in his staging business, was using his name, under the name of L. D. Hill & Co., it does not appear that he forbid it, but that he afterwards saw Harrington and told him he must not use that name to hurt him, and that Harrington replied that he would not.   The fair import of this is, that Hill acquiesced in such use of his name, on Harrington's assurance that he would not thereby injure him, or, in other words, that he would not thus use his name beyond his ability to indemnify him, and that he would save him harmless.   The risk of Harrington's neglect to redeem this pledge was upon Hill, and not upon those to whom Harrington should, in his staging business, thus pledge the credit of Hill.   It makes no difference that Hill knew nothing of the giving of the note in question till about the time of the commencement of the suit.   It is urged by the defendant's counsel, apparently with great confidence, that as it did not appear that the plaintiff ever knew of the previous use of the defendant Hill's name by Harrington in his staging business, nor what representations, if any, Harrington made to Smith, the plaintiff, at the time he executed the note by the name of L. D. Hill & Co., the defendant Hill cannot be held liable.   This would be material, if the signature did not disclose the name of Hill ; as it might then be urged that the plaintiff did not take the note relying on the credit of Hill.   But as the name of the defendant Hill appears specifically upon the face of the note as one of the makers, the case is quite different, since the legal intendment is, that the payee takes a note upon the faith of the persons whose names appear upon it as makers.   The common practice of this court is, in cases tried by the court when the facts are found by the county court, if the judgment of the county court is reversed, to proceed and render final judgment, such as the facts warrant; but in this case we conclude to reverse the judgment, and grant a new trial.

Judgment reversed and new trial granted.