HERBERT F. FLINT *v.* A. E. HOLMAN.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed July 2, 1909.

*Slander—Words Actionable Per Se—Pleading—Defences—*
*Privilege—Evidence—Other Statements—Malice—Instruc-*
*tions.*

On a motion in arrest of judgment in an action for slander, where the
declaration charged that defendant said of plaintiff that he "had
stolen from the town," and there were no prefatory averments,
and no innuendo explaining the words "had stolen," they will be
construed in accordance with their common acceptation to import
larceny and, therefore, as slanderous *per se.*

Though it appeared that the occasion on which defendant charged
plaintiff with having stolen from the town was one of qualified
privilege, yet as defendant did not justify the words by pleading or
evidence, but denied having spoken them and negatived any
knowledge that would justify them, the question of privilege was
not in the case.

In an action for using words concerning plaintiff that were slanderous
*per se*, where defendant merely denied speaking the words, there
was no question for the jury as to their meaning, and the court
properly instructed that, if plaintiff proved the speaking of the
words as charged, he was entitled to recover.

In an action for slandering plaintiff by charging him with stealing
from the town, evidence that thereafter, on the same day, defendant
called the witness to him and said, "I suppose you think it was
a pretty broad statement I made today," and upon receiving an
affirmative answer, further said, "I can prove it," and mentioned
several transactions in which he claimed the plaintiff had de-
frauded the town, was admissible to show malice.

CASE for slander. Plea, the general issue. Trial by jury
at the December Term, 1908, Orange County, *Miles,* J., presid-
ing. Verdict and judgment for the plaintiff. The defendant
excepted. The declaration consists of two counts, each with

several allegations charging slanderous statements made by defendant concerning plaintiff; but the only alleged statement that went to the jury was "that the plaintiff had stolen from the town of Braintree." It seems that the statement complained of was made to the assistant judges of the county court when they were assembled to consider whom they should appoint license commissioners for the town of Braintree; that plaintiff's name was mentioned and considered for such commissioner, whereupon defendant objected to his appointment, using the language complained of.

*N. L. Boyden* and *David S. Conant* for the defendant.

The words, "he stole from the town" do not make any direct or specific charge, and, therefore, are not actionable *per se.* They are even susceptible of the meaning that plaintiff secretly left town. *Douglas* v. *Carr,* 80 Vt. 392; *State* v. *Fitz-Gerald,* 68 Vt. 125; *Merritt* v. *Dearth,* 48 Vt. 65; *Knott* v. *Stoddard,* 38 Vt. 25; *McGilvray* v. *Springett,* 68 Ill. App. 275; *Darling* v. *Clement,* 69 Vt. 292; *Norton* v. *Livingston,* 64 Vt. 473.

Moreover, the occasion was privileged. Public policy requires that the utmost freedom of speech be allowed before the tribunal appointed by law to select public officers. *Shurtlett* v. *Stevens,* 51 Vt. 501; *Kelly* v. *Finling,* 1 Q. B. 699; *Torrey* v. *Field,* 10 Vt. 353; *Byan* v. *Collins,* 2 L. R. A. 129; *Stewart* v. *Hall,* 83 Ky. 375; *Bartlett* v. *Christhilf,* 12 Cent. Rep. 852; *Hastings* v. *Lusk,* 22 Wend. 410; *Comm.* v. *Clap,* 4 Mass. 169; *Clemmons* v. *Danforth,* 67 Vt. 617.

*March M. Wilson* and *R. M. Harvey* for the plaintiff.

MUNSON, J. The declaration charges that the defendant said of the plaintiff that he "had stolen from the town." There is no prefatory averment, and no innuendo explanatory of the words "had stolen." The defendant moved in arrest, for that the words spoken were not actionable in themselves.

It is certainly actionable to charge one with stealing; and if the defendant's claim can stand it must be upon the theory that the words which import a taking lose their actionable

quality when applied to a taking from a town.    If the town were an entity incapable of owning property that is the subject of larceny this view might prevail, but we apprehend there is no ground short of this on which the claim can be sustained.    It is doubtless true that the business affairs of a town are so much more prominent in the minds of its citizens than its property holdings that words of this character are very generally used and understood as referring to fraudulent dealings instead of larcenies.    But the law will give such words their ordinary meaning unless they are used in a connection that gives them a different meaning; and to say that the stealing was from the town does not give the word a different meaning, for towns have property that may be stolen as well as individuals.    Every town owns records and books of account, and may have bank bills in its treasury.    Many towns own machines and tools for use upon their highways.    Every town owns at times materials delivered for the building or repair of bridges.    It is true that the name of a town indicates a locality as well as a quasi corporation capable of holding personal property; and this is made the basis of a suggestion that the words ''he had stolen from the town'' might have been used in the sense of going away secretly.    But the question here is not whether the words are capable of being used in that sense, but whether the words in their ordinary sense import a larceny, and it is very clear that they do.

The defendant excepted to the charge that the question of privilege was not in the case.    The charge was correct, for while the occasion was one of qualified privilege, the defendant was not in a position to profit by it.    He did not justify the words by pleading or evidence, but denied having spoken them, and negatived any knowledge that would justify them.    *Clemons* v. *Danforth*, 67 Vt. 617, 32 Atl. 626, 48 Am. St. Rep. 836; *Kidder* v. *Bacon*, 74 Vt. 263, 52 Atl. 322.

It was not error to instruct the jury that if the plaintiff had proved the speaking of the words charged he was entitled to recover.    There was no question for the jury regarding the meaning of the words.    They were to be taken as having been used and understood in their ordinary sense, unless the defence introduced evidence giving them a different meaning.    But here the defendant denied the speaking of the words, and so had nothing to explain.    The testimony referred to by counsel re-

lated to statements made by the defendant at a later hour and different place, and was introduced by the, plaintiff to show malice.

The statements above referred to were properly received in evidence. The circumstances made them admissible, even if they were not similar in character to those declared upon within the meaning of the rule stated in *Cavanaugh* v. *Austin,* 42 Vt. 576. It seems that later in the same afternoon the defendant called the witness to him and said, "I suppose you think it was a pretty broad statement I made today," and upon receiving an affirmative reply said further, "I can prove it," and went on to state several transactions in which he claimed plaintiff had defrauded the town. The manner in which the defendant brought up the subject, and connected these matters with what he had said on the occasion in question, made the later statements admissible as evidence of malice. The charge did not directly limit the use of this testimony, but no exception was taken to a failure in this respect.

Other claims, not specifically noticed, are disposed of by the views above expressed.

*Judgment affirmed.*