LISLE M. CARPENTER *v.* CENTRAL VERMONT RAILWAY COMPANY.

Special Term at Brattleboro, February, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed January 14, 1916.

*Brakeman's Action for Personal Injuries—Evidence—Admissibility—Car Records Kept by Station Agent and Conductor—Amendment in Supreme Court—Precluded by Theory of Trial Below.*

In a brakeman's action for personal injury, where an issue was whether a certain carload of bark departed in a train on January 8, the day of the accident, as claimed by defendant, and the bill of the bark was dated January 7, but defendant's station agent, who made it out, testified that he knew the carload of bark departed on January 8, because the car record that he kept, and that it was his duty to keep, showed that fact, that car record was admissible both to corroborate the witness and as independent evidence.

In such case, where the conductor of the train in the performance of his duty kept a record of the cars in the train, and refreshing his recollection from that record testified that the carload of bark was included in a train that departed on January 8, it was error to exclude that record, and it was also error to exclude a record to

the same effect, which the conductor testified he made in the train register in the performance of his duties.

Where a brakeman's action for personal injury brought at common law was tried on that theory, on reversal of a judgment in his favor he will not be allowed in this Court to amend his declaration so as to make it one under the Federal Employers' Liability Act.

Where a judgment for plaintiff in a brakeman's action for injuries is reversed only because of error in excluding evidence on the issue of whether plaintiff's action, if any, was under the Federal Employers' Liability Act, a new trial of all questions, including the question of damages, is granted in the circumstances.

CASE for negligence. Pleas, the general issue and a special plea in bar. Trial by jury at the April Term, 1912, Windham County, *Fish,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Harold E. Whitney, Hermon E. Eddy* and *Clarke C. Fitts* for the defendant.

*A. E. Cudworth, R. C. Bacon, L. R. Pierce* and *E. W. Gibson* for the plaintiff.

HASELTON, J. This is an action on the case for personal injuries received by the plaintiff while at work for the defendant as a brakeman at South Londonderry on the West River Railroad, a railroad extending from South Londonderry to Brattleboro and owned and operated by the defendant. The general issue and a special plea called a plea in bar were filed. Issue was joined, trial by jury was had, and verdict and judgment were for the plaintiff. The defendant brings a bill of exceptions.

The accident took place January 8, 1909, and the action is at common law. The defendant's second plea raised the question that the plaintiff's right of action, if any he had, was under the Federal Employers' Liability Act.

The plaintiff was employed as a brakeman on trains 53 and 52 of the West River Railroad. So far as the engine and a combination freight and passenger car are concerned the trains are the same. The engine draws a train known as 53 from Brattleboro to South Londonderry, where cars and freight are left, and a train is there made up of such cars, in addition to

the combination car, as are ready for transportation, and is drawn by the engine from South Londonderry to Brattleboro. On the day in question train 53 consisted of the engine, the combination freight and passenger car, and two freight cars. It was in the course of the movements, in the yard at South Londonderry, made in the course of making up the return train 52, that the plaintiff was injured.

The jury by their verdict necessarily found that the plaintiff was not at the time of his injury employed and engaged in interstate commerce, and as there was much evidence offered on that point by the defendant and excluded by the court, under objection and exception by the defendant, it is necessary for us to consider whether or not there was prejudicial error in the rulings excluding such evidence, for, if there was, the findings of the jury must go for nothing.

The defendant claimed that the accident happened during the switching movements at Londonderry, incidental to the taking into the train of a car loaded with bark to be taken without the state, that the plaintiff was engaged in these operations, and so that the plaintiff's right was to be determined under the Federal Employers' Liability Act. *Pennsylvania Co.* v. *Donat,* 239 U. S. 50, 59 L. ed. 36, Sup. Ct. Rep. 4; *New York &c. R. R. Co.* v. *Carr,* 238 U. S. 260, 262, 59 L. ed. 1298, 35 Sup. Ct. 780.

The plaintiff claimed and introduced some evidence tending to show that the carload of bark in question was not shipped on the day of the accident which as we have said was January 8.

The bill of the bark was dated January 7; but the assistant station agent, who made it out, testified that for some reason the bark did not leave until the eighth of January. His testimony was that he knew that the car containing the bark went out on the eighth, because the car record which he kept, and which it was his duty to keep, showed such to be the fact. The car record to which he referred showed what the witness testified to, and was offered in evidence in corroboration of the witness, and as independent evidence, and was excluded. But its exclusion was error, for it was admissible on both grounds of the offer.

One Rouse was the conductor of train 52, and in the performance of his duty kept a record of the cars in the train. Refreshing his recollection by reference to the record so kept by him he testified that the car of bark was included in the train.

The report or record itself was offered and excluded under objection and exception. But its exclusion was error.

Witness Rouse identified a train register kept at South Londonderry, and testified that an entry thereon in his hand writing showed that three cars were billed in train 52 on January 8, and that train 52 hauled these cars out of South Londonderry on that day. The entry on the train register made by him was offered and excluded under objection and exception. But in this exclusion there was error.

Other exhibits of like character were offered and excluded under objection and exception, but it is unnecessary to enumerate them.

The exceptions to those referred to raise sufficiently the questions of evidence argued and requiring decision. As we have seen, material evidence was excluded under objection and exception. *Griffin* v. *B. & M. Railroad,* 87 Vt. 278, 89 Atl. 220, and cases there cited.

The defendant moved for the direction of a verdict in its favor which, as the evidence stood, was, we think, properly overruled; but because of the prejudicial rejection of material and admissible evidence offered by the defendant, there should be a new trial. And we think that a new trial should be granted on all questions in the case.

The plaintiff asks that, if necessary to the holding by him of the judgment in his favor, he be allowed to amend his declaration in this Court, so as to make it a declaration under the Federal Employees' Liability Act. But he tried his case on a different theory, and so such an amendment cannot properly be allowed in this Court. The defendant asks that, if the case is reversed and remanded, consideration be here given to the question of damages, on the ground that, as found by the jury on the former trial, they are excessive and that this Court should now deal with that question.

We are clear that in this case since there must be a new trial, a new trial of all questions, including the question of damages, will best subserve the ends of justice. We are confirmed in this view by the fact that since the case was tried, the Supreme Court of the United States has in several cases and on several points interpreted the Federal Act in question, and has made it desirable that the new trial should be had without

any restrictions upon either party consequent upon the result of the former trial.

*Judgment reversed and cause remanded.*