J. H. GAINES *v.* R. N. BALDWIN.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed November 11, 1918.

*Petition for New Trial—Where Judgment Below Reversed on Single Issue—When Granted.*

The application of the general rule, that where error inheres in a single issue the Court will grant a retrial on that issue alone, rests in the sound discretion of the Court to be applied with caution to the furtherance of justice.

The rules governing petitions for new trials do not necessarily obtain in a case where a retrial has been granted on a single issue, and, in such case, if, on suggestions made by counsel at the time of the decision by this Court, or by a petition for a new trial thereafter seasonably brought, it appears that justice will be promoted by an unrestricted trial of all the issues in the case, the same will be granted.

In an action for malpractice, where the judgment for the plaintiff was reversed on the question of damages only, and the affidavits of newly discovered evidence attached to a petition for a new trial on all the issues in the case, tended to show that the defendant

was not responsible, in whole or in part, for the plaintiff's crippled condition, and such evidence would necessarily be admissible on the question of damages; *held*, that the ends of justice would be subserved, by enlarging the reversal and ordering a new trial without restriction.

ORIGINAL PETITION for an unrestricted new trial, on the ground of newly discovered evidence, in the case of *R. N. Baldwin* v. *J. H. Gaines*, in which there was a judgment for the plaintiff in the court below, and which judgment was affirmed by the Supreme Court on the question of liability, and reversed as to damages. 92 Vt. 61. The opinion states the case.

*W. W. Reirden* and *E. A. Cook* for the petitioner.

*Frank D. Thompson* and *J. R. Searles* for the petitionee.

HASELTON, J. The case of *Baldwin* v. *Gaines* for malpractice was tried in the county court at the September Term, 1916, and the plaintiff had judgment. The case came to this Court on exceptions, and at our October Term, 1917, the judgment was reversed as to damages, and the cause was remanded for a new trial on that question only. *Baldwin* v. *Gaines*, 92 Vt. 61, 102 Atl. 338.

We have here a petition for an unrestricted retrial. We are informed by the brief of the petitioner that the remanded case has been continued in county court pending the determination of this petition for an enlargement of the reversal.

Until about nine years ago it was the practice on reversal and remand for prejudical error to grant a new trial on all questions and issues. But during the time just mentioned it has been considered that where the error inheres in a single issue, the ends of justice are in general met by a new trial of that issue alone. *Marshall* v. *Dalton Paper Mills*, 82 Vt. 489, 74 Atl. 108, 24 L. R. A. (N. S.) 128; *Austin* v. *Langlois*, 83 Vt. 104, 74 Atl. 489; *Kennett* v. *Tudor*, 85 Vt. 190, 81 Atl. 633; *Griffin* v. *Boston & Maine Railroad*, 87 Vt. 278, 89 Atl. 220; *Green* v. *LaClair*, 89 Vt. 346, 95 Atl. 499; *Cross* v. *Passumpsic Fibre Leather Co.*, 90 Vt. 397, 98 Atl. 1010; *Ryder* v. *Last Block Co.*, 91 Vt. 158, 99 Atl. 733; *Adams* v. *Cook*, 91 Vt. 281, 100 Atl. 42.

The practice has become the general rule, but the rule is to

be applied with caution with a view to the furtherance of justice, and whether or not it shall be applied is always a matter within the sound discretion of the Court. *Griffin* v. *Boston & Maine Railroad,* 87 Vt. 278, 89 Atl. 220; *Carpenter* v. *Central Vermont Ry. Co.,* 90 Vt. 35, 96 Atl. 373, 20 R. C. L. 222.

At the time of a decision requiring a new trial on one issue, suggestions may be made by counsel to the effect that justice will be promoted by an unrestricted trial of all questions in the case. *Griffin* v. *Boston & Maine Railroad, supra.*

It follows that where, as here, a petition is seasonably brought for the enlargement of a reversal, the rules governing petitions for new trials in general do not necessarily obtain.

The rule here should be somewhat as flexible as the rule that where a case comes before us on findings of facts, if a reversal is had, judgment will here be rendered such as the trial court should have rendered on the facts found. *Reynolds* v. *Bean,* 91 Vt. 247, 99 Atl. 1013; *Phillips* v. *Cutler,* 89 Vt. 233, 95 Atl. 487; *Davis* v. *Davis' Estate,* 48 Vt. 502; *Smith* v. *Hill,* 45 Vt. 90, 12 Am. Rep. 189.

The defendant to this petition resided in Irasburg and was injured in an automobile accident at Newport. He suffered a fracture of the right femur or thigh bone. The petitioner, Doctor Gaines, was one of the physicians who set the bone, and he attended Baldwin as his surgeon at Newport for about three weeks, when the patient was removed to his home in Irasburg. Doctor Templeton, of Irasburg, was the family physician of the Baldwins, and one of the issues in the case was whether after the removal of Baldwin to Irasburg the latter was under the care of Doctor Templeton or of Doctor Gaines as attending physician and surgeon.

Upon this important question the affidavits of newly discovered evidence attached to the petition have a very considerable bearing. The affidavits also have some bearing upon the question of whether or not the deformity in Mr. Baldwin's right leg (it is now about two and one-fourth inches shorter than the other) resulted from his own imprudence. If this were a petition to open litigation that has been ended we might not be able to say that the affidavits are sufficient for that purpose. And we might have difficulty in holding that the affidavits of diligence are specific enough. *Gilfillan* v. *Gilfillan's Estate,* 90 Vt. 94, 96 Atl. 704; *Usher* v. *Allen,* 89 Vt. 545, 95 Atl. 809; *Willard* v. *Nor-*

*cross,* 86 Vt. 426, 85 Atl. 904; *Ploof* v. *Putnam,* 83 Vt. 494, 76 Atl. 145; *Flint* v. *Holman,* 82 Vt. 513, 74 Atl. 232; *Hemmenway* v. *Lincoln,* 82 Vt. 465, 73 Atl. 1073; *Lucia* v. *State,* 77 Vt. 279, 59 Atl. 1016; *May* v. *State,* 77 Vt. 330, 60 Atl. 1.

But here the question is not whether there shall be a new trial, but relates to the scope of such trial. Much of the newly discovered evidence will necessarily be admissible on the question of damages, for the petitioner can be held liable only for injuries attributable to his fault. *Mullin* v. *Flanders,* 73 Vt. 95, 50 Atl. 813; *Hathorn* v. *Richmond,* 48 Vt. 557; *Wilmot* v. *Howard,* 39 Vt. 447, 94 Am. Dec. 338.

We think it will subserve the ends of justice, and will consist with the rules governing new trials in general, to enlarge the reversal upon the showing made and order a new trial without restrictions. Having reached this conclusion, we purposely refrain from a detailed comment upon the affidavits, and from expressing an opinion as to the probable result of an unrestricted new trial, as we ordinarily do when we have under consideration a petition for a new trial which looks to the renewal of litigation once ended.

*Petition granted.*

MILES, J., did not sit.