**WHEATLAND IRRIGATION DISTRICT, a corporation, Appellant (Defendant below),**

v.

**Bernard R. McGUIRE et al., Appellees (Plaintiffs below),**

and

**Dean T. Prosser, Jr., and Harriot Prosser, Appellees (Plaintiffs below).**

**No. 4353.**

Supreme Court of Wyoming.

Aug. 6, 1976.

us that we have overlooked any material facts or law in our original disposition of the question of liability. The question whether the break in the dam was due to some act not under the control of the defendant was factually raised by defendant in its resistance to the motion for summary judgment and will of course be pertinent to the factual determination as to its possible negligence to be made by the jury. We therefore find no basis upon which to grant a rehearing on the question of liability.

William R. Jones and Raymond B. Hunkins, of Jones, Jones, Vines & Hunkins, Wheatland, for appellant.

John J. Rooney, of Rooney, Horiskey & Bagley, Cheyenne, for appellees McGuires.

Byron Hirst, of Hirst & Applegate, Cheyenne, for appellees Prossers.

Before GUTHRIE, C. J., and McCLINTOCK and ROSE, JJ.*

## UPON PETITIONS FOR REHEARING

### PER CURIAM.

Appellees have filed application for rehearing, contending that our former ruling[1] on the issue of liability should be withdrawn and the judgment of the trial court sustained in its entirety. By supplemental application the Prossers contend that even if the doctrine of strict liability is not to be imposed there was before the trial court no evidence that the failure of the dam was caused by any act of God, the public enemy or unlawful act of a third party. The McGuires have likewise filed a supplemental application, citing additional decisions of this court, not issued at the time of filing the original application for rehearing, which they deem pertinent to our disposition of the issue of strict liability. We have examined these applications and memoranda submitted in support thereof and find nothing therein that convinces

 However, appellees also view our opinion as uncertain as to whether there should be a retrial of the damage as well as the liability issue and further contend that there were no errors in the disposition of this issue upon the first trial and therefore there should be no retrial thereof. We agree that if the matter of damages has been settled in the first trial without error in the proceedings, a new trial on that issue would be unproductive and entail unnecessary expense. Limitation of the new trial to the sole issue of liability would not be inconsistent with the intent and purpose of our rules as indicated by Rule 42(b), W.R.C.P. permitting separate trials of separate issues in the first instance. But limited retrials are to be granted only when "it is clear that such a course can be pursued without confusion, inconvenience, or prejudice to the rights of any party." Annot., 34 A.L.R.2d 988, 900. Defendant has contended in this court through brief and argument that there were numerous material errors in the trial of the damages issues upon the original trial.

 The court is in doubt as to the proper determination of the issues presented upon the question of damages and believes that an argument before a full court is desirable on that issue. Reargument upon that question alone will therefore be allowed.

---

* Justices Raper and Thomas, having recused themselves from consideration of this cause in the first instance, took no part in the consideration of the petitions for rehearing.

1. *Wheatland Irrigation District v. McGuire*, Wyo., 537 P.2d 1128 (1975).