765 A.2d 662

**Charles STICKLEY, III**

v.

**Roy D. CHISHOLM, III.**

**No. 2962, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

Jan. 18, 2001.

Martin Trpis (Ashcraft & Geral, LLP on the brief), Washington, DC, for appellant.

Frederick Goundry, III (Mary Elizabeth Kaslick and Varner, Kaslick & Goundry on the brief), Frederick, for appellee.

Argued before MURPHY, C.J., and HOLLANDER and SONNER, JJ.

MURPHY, Chief Judge.

In the Circuit Court for Allegany County, Charles L. Stickley, III ("Stickley"), appellant, filed a medical malpractice action against Roy D. Chisholm, III, M.D. ("Dr. Chisholm"),

appellee.  Prior to deliberation, the circuit court instructed the jury that in order for appellant to recover damages, the jury must find that negligence was *the* cause of the injury.  Appellant's counsel requested that the court re-instruct the jury in accordance with Maryland Civil Pattern Jury Instruction 19:10, which states that in order for the plaintiff to recover, the jury must find that the negligence was *a* cause of the injury.  The circuit court refused that request.  The jury found in favor of appellant on the issue of whether appellee had breached the standard of care in his treatment of appellant, but found in favor of appellee on the issue of proximate cause.  Appellant now presents the following questions[1] for our review:

I.  DID THE TRIAL COURT MISSTATE MARYLAND LAW ON PROXIMATE CAUSE WHEN IT INSTRUCTED THE JURY THAT IN ORDER FOR APPELLANT TO RECOVER IT MUST FIND THAT THE NEGLIGENCE WAS *THE* CAUSE OF THE INJURY[?]

II.  WAS THE TRIAL COURT'S MISSTATEMENT OF MARYLAND LAW ON PROXIMATE CAUSE PREJUDICIAL TO THE APPELLANT AND DID IT CONSTITUTE REVERSIBLE ERROR[?]

For the reasons that follow, we answer "yes" to each of appellant's questions, vacate the judgment of the circuit court, and remand for a new trial.

### Background

On January 17, 1995, appellant sought treatment from appellee for a mass under his arm on the left side of his chest wall.  The mass was approximately 10 × 12 centimeters in size.  Concerned that the mass could possibly be cancer, appellee recommended a biopsy.  Appellant agreed with that

---

1.  Appellee frames the issues as follows:
    The trial court instructed the jury that "in order for a Plaintiff to recover, the negligence alleged must be the cause of an injury."  Did the trial judge abuse its discretion by giving this instruction?

recommendation. An incisional biopsy of the mass showed that the growth was a desmoid tumor.

On January 27, 1995, appellee performed surgery to remove the tumor. When appellee received the pathology results from the January 27, 1995 surgery, he learned that the surgery might not have succeeded in removing all of appellant's abnormal cells.[2] At this point, appellee chose not to recommend that appellant undergo (1) further surgery, or (2) radiation therapy to kill the residual tumor cells. Rather, appellee decided to follow appellant closely to see if there would be any reoccurrence.

In June of 1995, during one of his return visits, appellant complained of pain in the incision. As appellant had returned to work, appellee felt that the pain was likely occurring from the scar tissue. On August 9, 1995, appellant returned and again complained of pain in this area. At that time, although appellee felt there was no definite tumor reoccurrence, he was concerned about the possibility of a reoccurrence, so he sent appellant for a CT scan of the area. The CT scan report stated that, "this finding is suspicious for a neoplastic process and a biopsy is recommended. Some of the soft tissue prominence could represent post-surgical fibrosis if the patient had previous surgery at this location." Appellee did not perform a biopsy.

The jury received conflicting expert testimony on the issue of causation. When it came time to instruct the jury, both parties agreed that an instruction on causation was needed. They chose Maryland Civil Pattern Jury Instruction ("MPJI") 19:10,[3] which states:

---

**2.** Appellee was unable to discern from the pathology report where the foci of the microscopic tumor remained. In light of the positive resection margins reported, however, appellee surmised that in order to achieve negative margins and remove all of the tumor from the patient, he would have to remove a number of muscles, including the muscles between the ribs.

**3.** See Maryland Civil Pattern Jury Instructions, 19:10, Proximate and Concurring Causes (3rd ed. 1993).

> To recover damages or to be barred from recovery, the negligence must be a cause of an injury. [There may be more than one cause of an injury, that is, several negligent acts may work together. Each person whose negligent act is a cause of an injury is responsible.]

The circuit court agreed to deliver that instruction. When instructing the jurors, however, the circuit court stated that, "in order for a Plaintiff to recover, the negligence alleged must be *the* cause of the injury."

At a post-instruction bench conference, appellant's counsel excepted to the "the cause" instruction. Meanwhile, a juror requested a clarification of the meaning of proximate cause. At this point, the following transpired:

> [BY THE COURT:] Ladies and gentlemen, counsel have pointed out a couple of things to me. First I'll try to respond to your question. The definition of proximate . . . The best advice I can give you is disregard the title to that instruction, which is entitled proximate and concurring causes. Concentrate on the sentence that I read to you. To recover damages, the negligence must be the cause of an injury. Does that clear it up? That's one of those lawyerly words that we probably shouldn't use any longer, but we still do. To recover for damages, the negligence must be the cause of an injury. Just concentrate on those words.
>
> (Bench conference continued:)
>
> [APPELLEE'S COUNSEL:] The one and two before you get to damages.
>
> (Further instruction to the Jury)
>
> [BY THE COURT:] With respect to . . . I gave you some misinformation. Refer to the special verdict form.
>
> I told you that if your answer to the first question is no then your deliberations have ended. The question to the second . . . to the first . . . if your answer to the first question is yes, then you need to answer question number two. And so that you're not confused, just cross through the word proximate if you want to on your copy of the form. If your answer to that question is no, you are finished. If your

answer to that question is yes, then you need to go forward and consider damages.

(Bench conference continued)

[APPELLANT'S COUNSEL:] Your Honor, one other point.

[BY THE COURT:] Go ahead.

\* \* \*

[APPELLANT'S COUNSEL:] On this particular question, if they cross off proximate, the instruction nineteen ... ten ... states that it's a cause, not the cause.

[FOREPERSON:] Your Honor.

[BY THE COURT:] Just a minute. (Counsel at bench)

[APPELLANT'S COUNSEL:] A confusing aspect of that would be what if it's argued that the cause of the injury here was the natural occurrence of the desmoid tumor.

\* \* \*

[APPELLANT'S COUNSEL:] If it's argued that the cause of the injury was a natural occurrence of the desmoid tumor and they go no further beyond that, that they may look at it in terms of what came first. Proximate cause is a cause, not the cause, not the only cause. There may be several under the instruction. It expresses that and explains it. It's using the form of the cause rather than a cause. I request that you do have to say that it is a cause, or one of the causes without which it would not have happened.

[APPELLEE'S COUNSEL:] I don't think it's confusing at all the way it is now.

[BY THE COURT:] (unintelligible—papers rattling)

(Judge to the foreperson)

What was your question?

[FOREPERSON:] (Unintelligible—not using microphone)

[APPELLEE'S COUNSEL:] Your Honor, I think ...

[BY THE COURT:] No, if your answer to question number one is no, then you're finished. See the little sub-instruction. Okay. If you answer number one and move on to number two, again, your answer is no, you're finished.

The jury found for appellant on the issue of negligence, but for appellee on the issue of proximate cause, and this appeal followed.

## Discussion

### I.

### Negligence as *THE* Cause of the Injury

■■ Appellant contends that the circuit court should not have instructed that, in order for appellant to recover, the jury must find that the negligence was *the* cause of the injury.[4] When we review the adequacy of a specific jury instruction, we must determine whether the instruction "fairly and accurately set for the law applicable to the case [and was] supported by testimony or evidence presented during the case." *Odenton Development Co. v. Lamy*, 320 Md. 33, 43, 575 A.2d 1235 (1990); *Johnson v. State*, 303 Md. 487, 512, 495 A.2d 1, *cert. denied*, 474 U.S. 1093, 106 S.Ct. 868, 88 L.Ed.2d 907 (1986).[5] We are persuaded that the instruction about which appellant complains did not conform with Maryland law, be-

---

4. According to appellant,
   A. Maryland law of proximate cause requires the appellant to prove that appellee's conduct constitutes a cause without which the injury would not have occurred[;]
   B. [The] Court's instruction and explanation to the jury on proximate cause erroneously suggested that proximate cause must be the sole cause of injury[; and]
   C. When [a] patient presents for treatment of an injurious medical condition, it is impossible to prove that physician's subsequent negligent treatment was *the* cause of his injury.

5. Maryland law provides that "[a] litigant is entitled to have his or her theory of the case presented to the jury, but only if that theory of the case is a correct exposition of the law and there is evidence in the case which supports it." *Benik v. Hatcher*, 358 Md. 507, 519, 750 A.2d 10 (2000); *Zeller v. Greater Baltimore Medical Center*, 67 Md.App. 75, 80, 506 A.2d 646 (1986); *Sergeant Co. v. Pickett*, 285 Md. 186, 194, 401 A.2d 651 (1979); *Levine v. Rendler*, 272 Md. 1, 13, 320 A.2d 258 (1974).

cause it erroneously suggested that proximate cause must be the sole cause of injury.

"As with other cases, in order to prove causation, a medical malpractice plaintiff must establish that but for the negligence of the defendant, the injury would not have occurred." *Jacobs & Jacobs v. Flynn,* 131 Md.App. 342, 354, 749 A.2d 174 (2000); *See Suburban Hosp. Ass'n, Inc. v. Mewhinney,* 230 Md. 480, 484–85, 187 A.2d 671 (1963). "Because of the complex nature of medical malpractice cases, ... [plaintiffs must present expert testimony] to establish breach of the standard of care and causation." *Jacobs,* 131 Md.App. at 354, 749 A.2d 174. *See also Meda v. Brown,* 318 Md. 418, 428, 569 A.2d 202 (1990). When instructing on the issue of proximate cause, the circuit court read MPJI 19:10 almost verbatim, but made two major changes:

1) "must be *the* cause of the injury" was substituted for "must be *a* cause of an injury;" and

2) the second sentence in the instruction, which provides that "there may be *more than one cause* of an injury ...," was omitted.

The combination of substitution and omission erroneously assigned to appellant an incorrect burden of persuasion on the issue of proximate cause.[6] We are therefore persuaded that the causation issue was not "fairly covered by the instruction

---

6. Our holding is consistent with other cases that have considered this issue. *See Vieregger v. Robertson,* 9 Neb.App. 193, 609 N.W.2d 409, 414 (2000)(where instruction to jury imposed burden of proof that doctor had to be the cause and not a cause of the injury to be considered a proximate cause, court ruled that "an instruction that the burden of proof is to show that a doctor's negligence was *a* cause is what is required.")(emphasis added); *Doe v. Zedek,* 255 Neb. 963, 587 N.W.2d 885, 891 (1999)(holding that a physician's negligence need only be *a* proximate cause, not *the* proximate cause of plaintiff's injury)(emphasis added); *Bartholomee v. Casey,* 103 Md.App. 34, 60, 651 A.2d 908 (1994)(jury instruction that "the plaintiff must prove that the defendant or defendants were negligent and that negligence was *a* proximate cause of any injuries.")(emphasis added), *cert. denied,* 338 Md. 557, 659 A.2d 1293 (1995).

given"[7] because the jurors were not provided with a "correct statement of the law."[8]

## II.

### Prejudicial Error

Maryland law states that "[a] plaintiff must prove that the defendant or defendants were negligent and that negligence was *a* proximate cause of any injuries." *Bartholomee v. Casey*, 103 Md.App. 34, 56, 651 A.2d 908 (quoting *Jones v. Malinowski*, 299 Md. 257, 269, 473 A.2d 429 (1984)) (emphasis added). "In traditional negligence cases, the plaintiff must satisfy the following four basic elements by a preponderance of the evidence: 1) duty; 2) breach; 3) causation; and 4) harm. W. Page Keeton et al., Prosser and Keeton on Torts § 30, at 164–65 (5th ed.1984). The causation element requires the plaintiff to prove that there is a reasonable connection between the defendant's negligence and the plaintiff's damages. See id. § 41, at 263." *Murray v. United States, et al.*, 215 F.3d 460, 463 (4th Cir.2000).

---

7. Maryland Rule 2–520(c) provides:

   The court may instruct the jury, orally or in writing or both, by granting requested instructions, by giving instructions of its own, or by combining any of these methods. The court need not grant a certain instruction if the matter is fairly covered by instructions already given.

   In the case *sub judice*, the "the cause" instruction was an incorrect statement of the applicable law.

8. In determining whether the circuit court was correct in denying appellant's request for clarification of the instruction, we must conduct a three part inquiry:

   first, whether the requested instruction is a correct statement of the law, second, whether the law is applicable to the facts in the case, and third, whether the trial judge fairly covered the same law by other instructions actually given.

   *Fearnow v. The Chesapeake & Potomac Telephone Company of Maryland*, 342 Md. 363, 385, 676 A.2d 65 (1996)(internal citation omitted). Thus, "[i]f any one part of the test is not met, we will affirm the trial court's denial of the request for instruction." *Id. See also Benik, supra*, 358 Md. at 519, 750 A.2d 10 (2000)(stating that "it is well settled that if, when read as a whole, the court's instructions to the jury clearly set forth the applicable law, there is not reversible error.").

We are persuaded that it is more likely so than not so that the jury found that appellee's negligence was not the proximate cause of appellant's injury because that negligence was not the *sole* cause of injury.[9] As the jury should have been instructed that appellee's negligence can—in combination with other causes—be a cause, the erroneous instruction entitles appellant to a new trial.

## III.

### Proceedings on Remand

■ Appellant contends that the proceedings on remand should be limited to the issues of proximate cause and damages. According to appellant, he should "not be put through the burden of having to prove negligence all over again when the determination of that issue was properly made by the Jury. There has been no argument raised or assignment of error claimed concerning the instruction on the law or the evidence received by the trial Court [sic] on the issue of negligence." We disagree.

The United States Supreme Court has held that, "where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931). In this case, the Supreme Court pointed out that

... at common law there was no practice of setting aside a verdict in part. If the verdict was erroneous with respect to any issue, a new trial was directed as to all.... This

9. "It is well settled that a civil judgment will not be reversed unless the complaining party shows both error and prejudice." *Benik, supra,* 358 Md. at 537, 750 A.2d 10. "There is prejudice [warranting reversal] when the error influenced the outcome of the case." *Id. See also Fish Market Nominee Corp. v. G.A.A., Inc.,* 337 Md. 1, 15, 650 A.2d 705 (1994); *Harris v. David S. Harris, P.A.,* 310 Md. 310, 529 A.2d 356 (1987).

> continued to be the rule in some states after the adoption of the Constitution; ... but in many it has not been followed, notwithstanding the presence in their constitutions of provisions preserving trial by jury. The Massachusetts courts early modified it to permit a new trial of less than all the issues of fact when they were clearly separable.

*Id.* at 497–98, 51 S.Ct. 513 (footnotes omitted) (citations omitted). The *Gasoline Products* Court ultimately concluded that the United States Court of Appeals for the First Circuit had erred in issuing a remand that restricted a new trial to the issue of damages because "the question of damages ... is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial." *Id.* at 500, 51 S.Ct. 513.

In Maryland, a partial new trial is expressly permitted by Md. Rule 8–604(b),[10] which provides:

> If the Court concludes that error affects a severable part of the action, the Court, as to that severable part, may reverse or modify the judgment or remand the action to a lower court for further proceedings and, as to the other parts, affirm the judgment.

Although the Maryland cases applying this rule have not identified every factor to be considered in determining whether a partial new trial should be ordered, according to the majority rule: "... [w]hen manifest justice demands it and it is clear that the course can be pursued without confusion, inconvenience, or prejudice to the rights of any party, a new trial may be limited to a particular severable question." 34 A.L.R.2d 988, 990. *See also Wheatland Irrigation Dist. v. McGuire,* 552 P.2d 1115, 1116 (Wyo.1976); 39 Am Jur, New

---

**10.** This rule is derived from Rule 59 of the Federal Rules of Civil Procedure which, in pertinent part, provides:

(a) Grounds. A new trial may be granted to all of any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States;

Trial § 21. "Appellate courts have the power to order a retrial on a limited issue, if that issue can be separately tried without such confusion or uncertainty as would amount to a denial of a fair trial. Whether it can or not depends upon the circumstances of each case." *Gyerman v. U.S. Lines Co.,* 7 Cal.3d 488, 102 Cal.Rptr. 795, 498 P.2d 1043, 1054 (1972)(quoting *Brewer v. Second Baptist Church,* 32 Cal.2d 791, 197 P.2d 713, 720 (1948)); *Templeton Feed and Grain v. Ralston Purina Co.,* 69 Cal.2d 461, 72 Cal.Rptr. 344, 446 P.2d 152, 157 (1968). For instance, "[a]n error may ostensibly relate to one issue only, but be of such a character as to have a prejudicial effect upon the other, and in such a case a full retrial should be had." *Parizo v. Wilson,* 101 Vt. 514, 144 A. 856, 860 (1929)(citing *Griffin v. Boston & M.R. R.,* 87 Vt. 278, 89 A. 220, 228 (1913)). "And although an error affects one issue only, a new trial on all issues is to be granted where this will best subserve the ends of justice." *Id.* (Citing *Carpenter v. Central Vermont Ry. Co.,* 90 Vt. 35, 96 A. 373, 374 (1916)).

According to the Supreme Court of New Hampshire, for a partial new trial to be ordered, "it must clearly appear that the effect of the error did not extend to all the issues tried." *McBride v. Huckins,* 76 N.H. 206, 81 A. 528, 531, 532 (1911).[11] We believe that to be the appropriate standard and have applied that standard in this case. From our review of the record, it does not clearly appear to us that the effect of the erroneous jury instruction was limited to the issue of causation. Because we do not know whether the jury decided to compromise,[12] and because the issues of negligence and proxi-

---

11. "If a new trial limited only to certain issues would result in an injustice to one of the parties, the court should either deny all relief or order a new trial on all issues necessary to be retried to avoid the injustice ..." *Hamasaki v. Flotho,* 39 Cal.2d 602, 248 P.2d 910, 914 (1952).

12. "If the award of damages to that Plaintiff is "grossly inadequate," so as to indicate that the jury was actuated by bias and prejudice, or that the verdict was a compromise, the court must set aside the verdict in its entirety and award a new trial on all issues." *Equitable Life Assur. Soc. v. Fairbanks,* 400 So.2d 550, 553 (Fla.App.1981). *See also Elberts v.*

mate cause are so intricately intertwined,[13] we are persuaded that the entire case must be retried.

## JUDGMENT VACATED; CASE REMANDED FOR NEW TRIAL; COSTS TO BE PAID BY APPELLEE.

---

*Nussbaum Trucking, Inc.,* 97 Ill.App.3d 381, 52 Ill.Dec. 831, 422 N.E.2d 1040, 1043 (1981)(court is not justified in ordering a new trial of damages alone where it appears that the damages awarded by the jury were the result of a compromise on the question of liability); *Capelouto v. Kaiser Foundation Hospitals,* 7 Cal.3d 889, 103 Cal.Rptr. 856, 500 P.2d 880, 886 (1972)(instruction to jury precluding an award of damages for pain and suffering was both erroneous and prejudicial, requiring order of a limited new trial on issue of damages); *Lawrence v. Staite,* 253 A.2d 506, 508 (Del.Sup.1969)(new trial not to be limited to damages because of compromise); *Beagle v. Vasold,* 65 Cal.2d 166, 53 Cal.Rptr. 129, 417 P.2d 673, 682 (1966)(where evidence as to liability is in sharp and substantial conflict, and the damages awarded are so grossly inadequate as to indicate a compromise, case should be remanded for a retrial of both); *Leipert v. Honold,* 39 Cal.2d 462, 247 P.2d 324, 329 (1952)(unjust to defendants to have new trial limited to damages where inadequate verdict resulted from compromise). *See also Barnett v. Hawk Pharmacy, Inc.,* 220 Kan. 318, 552 P.2d 1002 (1976)(where record established that verdict was result of compromise, new trial would be granted on all issues). *Cf. City of Fairbanks v. Nesbett,* 432 P.2d 607 (Alaska 1967)(where issue in personal injury action had been properly determined and was distinct from damage issues and *there was no indication that verdict was possibly a compromise verdict,* it was appropriate to limit new trial exclusively to the damage issue)(emphasis added).

**13.** *See Saide v. Stanton,* 135 Ariz. 76, 659 P.2d 35, 38 (1983)(where the issues of liability and damages are so inextricably entwined that a fair trial cannot be given on this issue of damages alone, a new trial will be ordered on all issues); *Kitto v. Gilbert,* 39 Colo.App. 374, 570 P.2d 544, 553 (1977)(remand for new trial on issue of liability only warranted where damages determination presented to jury issues entirely distinct and separable and limited retrial could be accomplished without prejudicially indicating prior verdict); *Leppla v. Schroeder,* 532 P.2d 370, 372 (Colo.App.1974)(where issues of liability and damages were closely interwoven, and instruction on measure of damages was improper, new trial must be granted on both issues); *Hildyard v. Western Fasteners, Inc.,* 33 Colo.App. 396, 522 P.2d 596, 602 (1974)(where issues of liability and damages interwoven, cause remanded for new trial on all issues); *Sage v. Northern Pac. Ry. Co.,* 62 Wash.2d 6, 380 P.2d 856, 862 (1963)(issues of liability and damages were not clearly and fairly separable, therefore new trial order would have to be expanded to include new trial on all issues).