LAMOILLE COUNTY NATIONAL BANK *vs.* B. A. HUNT.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed February 11, 1899.

*Argument Improper but not Prejudicial.*—A judgment should not be reversed for the improper argument of counsel addressed to a point upon which the jury found in favor of the excepting party, when the argument was not derogatory to his character and could not have harmed him upon the other issues.

GENERAL and special assumpsit. Trial by jury, at the April term, 1898, Lamoille county, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

Defendant *pro se.*

*R. W. Hulburd* for the plaintiff.

ROWELL, J. The exception to overruling the demurrer to the declaration being waived, and there being no exception touching the matter of usury, the only question is as to certain remarks of plaintiff's counsel in argument to the jury.

The action is for the recovery of three promissory notes, signed by the defendant as surety. The defendant conceded

his liability on one of the notes, but claimed that the other two were paid by giving a new note not in suit for the balance due thereon; and the jury so found.

In arguing this question of payment, plaintiff's counsel said that the defendant was not doing the business of signing these notes as a matter of charity; that if the note not in suit was taken as payment, it would then result in a delay only; that the same defences were open in the case on trial; but that delays sometimes allowed debtors to put their property beyond the reach of process; and that all these matters were to be considered by the jury. Thereupon the defendant objected and asked for an exception, on the ground that there was no evidence in the case tending to show such facts, and the court allowed an exception, whereupon plaintiff's counsel said to the jury that he did not claim there was any such evidence, and, as the court understood, retracted his statement, and nothing more was said about it by either party. There was no evidence that the defendant received anything for signing said notes, nor any of his putting his property beyond the reach of process, nor was any such claim made on trial.

If the issue to which alone these remarks related had been found for the plaintiff, they might have vitiated the verdict; for they were an appeal to the jury to disregard the testimony, and to find for the plaintiff on the ground of expediency. But as that issue was found for the defendant, he was not harmed thereon by the remarks.

Although the defendant was not allowed all he claimed under his plea in setoff; yet, as the issues thereunder were entirely foreign to the question of payment, and as the remarks were not at all derogatory to the defendant personally, it is clear enough that he was not prejudiced thereby on that branch of the case.

*Judgment affirmed.*