JOSEPH BARRETTE *v.* HENRY CARR and JOHN CARR.

January Term, 1903.

Present: MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 31, 1903.

*Inadequacy of damages—Setting aside verdict—Discretion—Effect of provocation—Action for personal injuries.*

The discretion of the trial Court in setting aside a verdict for inadequacy of damages is not reviewable, when its abuse does not appear.

In an action for an assault, actual damages could not be reduced by evidence of any provocation that does not amount to a legal justification.

In an action of tort for personal injuries, gross inadequacy of damages affords a sufficient reason for setting aside a verdict.

TRESPASS TO THE PERSON. Pleas, the general issue and a justification. Trial by jury at the March Term, 1902, Franklin County, *Tyler,* J., presiding. Verdict for the plaintiff against Henry Carr set aside. That defendant excepted.

*Felix W. McGettrick* and *E. A. Ayers* for the defendant.

In view of the testimony, it was competent and reasonable for the jury to find that Henry Carr was guilty only in the first conflict. This was of a trifling character, and the sum fixed by the jury was adequate.

In actions of tort, the general rule is that a new trial will not be granted for smallness of damages. Segw. Dam. (3 Ed.) 645.

*D. G. Furman* and *Henry A. Burt* for the plaintiff.

A motion to set aside a verdict is addressed to the discretion of the trial Court, and is not reviewable here. *Newton* v. *Brown,* 49 Vt. 16; *Averill* v. *Robinson,* 70 Vt. 161.

Even where a revision is provided for by statute, it will be presumed that the discretion has been rightly used, unless the contrary appears. *Edsall* v. *Ayers,* 15 Ind. 286; *Lloyd* v. *McClure,* 2 Green (Ia.) 137; *Finley* v. *Davis,* 7 Ia. 3.

The damages found were so grossly inadequate as to warrant the action of the Court.

STAFFORD, J. The plaintiff was occupying a building of the defendants' when the defendants, with the assistance of several others, are alleged to have assaulted and ejected him. One question was whether the defendants had extended the time of the plaintiff's occupancy, so that he was in possession rightfully, and this question the jury decided in favor of the plaintiff by a special finding; so that, if the defendants did eject the plaintiff by committing an assault upon him, they were liable in this action. The defendant Henry was present during the whole affair, but the defendant John was present during the latter part only. The evidence tended to show an assault by Henry before John came, and also after he came. The jury

were, of course, told that they should not return a verdict
against both except for an assault that both were engaged in,
so that, if their verdict was against both, it must be only for
what occurred after John came upon the scene; but that, if
they found a verdict against Henry alone, they might include
damages for what he did before John came as well as after.
The verdict was against Henry alone; and, being for ten dol-
lars only, the Court, upon motion, set it aside as grossly inade-
quate, and in giving its reasons said that "the jury would have
failed in their duty if they had not found that Henry Carr was
active in throwing the plaintiff out of doors." While being
expelled, the plaintiff had put out his hand against the broken
glass of the door, and cut it severely, and this the Court said
was an incident of the affray, for which he was entitled to re-
cover, if the ejection was unlawful. Thus the Court, in sub-
stance and effect, decided that the damages were grossly inade-
quate if the jury found that Henry did eject the plaintiff, and
that the verdict was grossly against the weight of evidence un-
less they did find so. We cannot, therefore, adopt the defend-
ants' view that the jury may rightfully have found that Henry
was guilty by reason only of what occurred before John came
and before the plaintiff was ejected, for to do so would be to
revise and overrule the discretion of the Court below, in which
it determined in effect that such a verdict would have been
grossly against the weight of evidence. That judgment is not
revisable here, there being nothing to indicate abuse of discre-
tion. *Newton* v. *Brown,* 49 Vt. 16; *Averill* v. *Robinson,* 70
Vt. 160, 40 Atl. 49.

It appeared that the plaintiff paid out at least ten dollars
in care of the wound, besides the damages he unquestionably
suffered in pain, inconvenience and loss of time. It is now
argued that, even if Henry was guilty as to that part of the

assault, the damages were not necessarily inadequate, because it is said the jury had a right to consider the provocation, and reduce the damages below the actual on that ground.  But the rule is that actual damages cannot be reduced by any evidence of provocation that does not amount to a legal justification. *Goldsmith's Admr.* v. *Jay,* 61 Vt. 488, 17 Atl. 1010, 4 L. R. A. 500.

It is also argued that in actions of this class verdicts are not to be set aside on the ground that they are inadequate, although they may be on the ground that they are excessive. No reason is suggested for this distinction, and we see none. We are aware that the rule advocated by the defendants is supported by some authorities, but we think the true rule is, that where the verdict is either so great or so small as to plainly indicate that in reaching it the jury either disregarded the testimony or acted from passion or prejudice, it is the duty of the Court to set it aside.  Where the damages rest in the judgment of the jury they are, of course, not to be held either excessive or inadequate, unless they are grossly so; and in that respect actions of tort for personal injury commonly differ from actions in which there is some standard of damages disclosed by the contract of the parties or by exact evidence of pecuniary loss.  But in the case before us the verdict barely covered, if it did quite cover, the money actually expended in consequence of the injury, so that the other elements must have been totally ignored.  The authorities upon this subject are collected and reviewed in a thorough note to *Benton* v. *Collins,* 47 L. R. A. 33, 39.

*Judgment affirmed and cause remanded.*