AUSTIN & McCARGAR v. DELPHISE LANGLOIS.

November Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 20, 1909.

*Sales—Breach of Contract by Seller—Measure of Damages—*
*Pleading—Allegation of Special Damages—Sufficiency—*
*Evidence—Self Serving Declarations—Evidence of Value*
*—Time of Valuation—Error Requiring Reversal in Part.*

In assumpsit for failure to deliver hay bargained and sold, the mere allegation that thereby plaintiff has lost "great gains and profits, which might and otherwise would have arisen and accrued to him from the delivery" of the hay, is insufficient to support special damages.

The admission of a paper in evidence cannot be reviewed where neither it nor a copy of it is a part of the record.

A letter giving defendant's version of the contract in suit, sent by him to plaintiff, was properly excluded as self serving evidence.

The damages for breach by the seller of a contract of sale providing for the delivery of hay on demand after a specified date must be assessed with reference to the time of such demand.

Although there has been an advance in price, the only general damages recoverable by the buyer of personal property against the seller for failure to deliver according to the contract is the difference between the contract price and the market price at the time and place of delivery.

Where the sole error found in the trial below was in the admission of evidence bearing only on the question of damages, the cause will be reversed for the assessment of damages only.

SPECIAL ASSUMPSIT. Plea, the general issue. Trial by jury at the August Term, 1909, Grand Isle County, *Stanton*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. This case has been once before in Supreme Court, see 81 Vt. 223.

The body of the letter dated January 3, 1907, is as follows:
"Dear sir,—In the month of September 1906 I ·bargained with, and supposed I had sold to, you and Mr. Austin my hay that I raised on my farm 'The Powers Place' in Alburg, Vt., in the year 1906 with these conditions, that I, D. Langlois was to furnish hay in the barn loose; soon after you had it pressed I was to deliver it on board a boat at the Isle La Motte bridge in the season of 1906 for the sum of ten dollars $10.00 per ton."

*Furman & Webster* for the defendant.

It was error to admit evidence of the market value of the hay at any time except the time stipulated for delivery. *Worthen* v. *Wilmot*, 30 Vt. 555; *Hill* v. *Smith & Carpenter*, 32 Vt. 433; *Copper Co.* v. *Copper Mining Co.*, 33 Vt. 92; 24 Am. & Eng. Enc. Law, 1153-4; *Emack* v. *Hughes*, 74 Vt. 390; Sedg. Damages, 278; 2 Kent's Com. 480 (6th Ed.); 1 Chitty on Contracts, (11th Am. Ed.) 621.

*C. G. Austin & Sons* and *V. A. Bullard* for the plaintiff.

WATSON, J.   By the contract declared upon the defendant sold his hay to the plaintiffs on September 18, 1906, for the price of ten dollars per ton, which hay was to be pressed by the defendant after October 1, 1906, at the rate of one dollar and fifty cents per ton, and to be delivered by the defendant to the plaintiffs immediately thereafter as they might direct, on board the cars at Alburg, or on board a boat at Isle La Motte, and to be paid for on such delivery.   On the 23rd day of September the plaintiffs paid to the defendant the sum of fifty dollars, and on the 12th day of October one hundred five and 25/100 dollars, to be applied on the purchase price of the hay and the price of pressing it.   It is further alleged that the defendant has retained said sums of money, and did not nor would within the time aforesaid, or at any time afterwards, though often specially requested so to do, press and deliver said hay or any part thereof for the plaintiffs at the place named, but wholly neglected and refused so to do.   The second count alleges a similar request made by the plaintiffs on or about January 4, 1907.   General damages only are alleged.

The plaintiffs claim the right to recover special damages under the averment that they "have lost and been deprived of divers great gains and profits which might and otherwise would have arisen and accrued to them from the delivery of the said hay to the said plaintiffs as aforesaid, to wit, the sum of," etc. But this averment is insufficient in the absence of any allegation showing for what purpose the hay was purchased by the plaintiffs, and in what way the loss of profits was the natural consequence of the act complained of. To permit evidence at the trial of such damages arising from the breach of contract it is necessary to state them specially and circumstantially in order to apprize the defendant of the facts intended to be proved. 1 Chit. Pl. *338.

Neither the paper marked exhibit A nor a copy thereof is before us as a part of the exceptions, hence we cannot say that its admission in evidence was error. *Royce* v. *Carpenter*, 80 Vt. 37, 66 Atl. 888.

The letter of January 3, 1907, written at the dictation of the defendant and sent to the plaintiff McCargar offered in evidence by the defendant was properly excluded as self serving.

The jury found the contract as the plaintiffs had alleged and as their evidence tended to show it was, by which the hay was to be pressed and delivered by the defendant after October 1, 1906. The plaintiffs' evidence further tended to show that they called upon the defendant in the month of October to press and deliver the hay; that he put them off on the ground that he was not able to procure the help necessary to do the pressing; that the plaintiffs again called on him the 5th day of January, 1907, to press and deliver the hay, at which time he told them he was not going to press it at all and that they might get whom they pleased to press it; and that on the 29th day of the same month the defendant refused to press or deliver the hay to the plaintiffs, or to allow them to press it.

Under the contract alleged and proved the defendant was obliged to press and deliver the hay on demand after October 1, 1906; and the verdict has established, as the plaintiffs' evidence tended to show, that they called upon him to do so in that month. The declaration contains no allegation that the contract was enlarged or altered as to the time of delivery. The damages recoverable for the breach of the contract should there-

fore have been assessed with reference to the time of such demand in the month of October and the noncompliance therewith. *Hill* v. *Smith & Carpenter,* 32 Vt. 433.

Subject to exception, as bearing on the question of damages the plaintiffs were allowed to show that the market price of such hay as they claimed to have bought of the defendant was twenty-two to twenty-three dollars per ton in May and June, 1907. This was harmful error. When there has been an advance in price as in this instance, the well established rule is that the only general damages recoverable by a vendee of personal property for failure to deliver it according to the terms of the contract, whether the price be paid or not, is the difference between the contract price and the market price of the article at the stipulated time and place of delivery, together with the money paid towards the price if any. *Copper Co.* v. *Copper Mining Co.,* 33 Vt. 92; *Worthen* v. *Wilmot,* 30 Vt. 555; *Hill* v. *Smith & Carpenter,* cited above.

It is argued, however, that if the admission of this evidence was error it was harmless, for the record shows that the jury disregarded it. But as we are unable to arrive at the same result in damages by any computation on a legitimate basis, the position of the plaintiffs in this respect is not sustained.

Since the one error found upon the record has reference to the question of damages only, a reversal limited accordingly is all that justice to the defendant requires. *Marshall* v. *Dalton Paper Mills,* 82 Vt. 489, 74 Atl. 108.

*Judgment affirmed except as to the question of damages, and as to that question judgment is reversed and cause remanded.*