Rockingham, }
Nov. 6, 1923. }

### FRANK A. MOULTON *v.* CHARLES S. LANGLEY & a.

The owner of a car is not liable as principal for a negligent act of the person driving it unless he was then driving as the owner's agent.

Where the amount of a verdict has been determined through error or misconduct of the jury, the opposite party is entitled to have the verdict also set aside as to liability, unless it clearly appears that the error or misconduct did not involve that issue.

CASE, for negligence. Trial by jury. Verdict of $300 for the plaintiff set aside as to damages. Exception by the defendants to the denial by *Allen*, J., of their motion to set aside the verdict as to liability.

The plaintiff was injured by the collision of two automobiles in one of which he was a passenger. The machine in which he was riding was driven by its owner, one McCullum, who also brought suit against the defendants for damage to his automobile. The two cases were tried together and a verdict returned for the defendants in the latter suit.

The order on the motions to set aside the plaintiff's verdict was as follows: "Consideration being given to the facts that the jury before being discharged orally stated that they found both automobile drivers negligent, that there was no evidence that they or any of them considered the defendant free from blame (aside from the inadequacy of the verdict for this plaintiff), and that an appeal was made to the jury in effect for sympathy for the defendant, it does not appear that the misconduct of the jury affected the issue of liability, but it does appear that the jury disregarded only the instructions about damages. Evidently the appeal not to take 'hard earned money' from the defendant was responsively treated. The verdict is admittedly inadequate and it is set aside as to damages. The motion to set it aside as to liability is denied."

Defendant Mary E. Langley excepted to the denial of her motion for a nonsuit. There was a special finding of the jury that "at the time of the collision, the defendant Charles was driving Mary's automobile as her agent." A statement of the evidence upon which the finding is predicated appears in the opinion.

*Ernest L. Guptill* and *John L. Mitchell* (*Mr. Mitchell* orally), for the plaintiff.

*William H. Sleeper* (by brief and orally), for the defendants.

Snow, J. The practice in this state, when a new trial is granted, does not require a re-trial of the issues in which no error was committed, if these issues can be separated from the ones in which the error occurred. *Lisbon* v. *Lyman*, 49 N. H. 553, 582–605; *Piper* v. *Railroad*, 75 N. H. 435, 446; *McBride* v. *Huckins*, 76 N. H. 206, 213; *Doody* v. *Railroad*, 77 N. H. 161, 166; *Morin* v. *Company*, 78 N. H. 567, 570.

The misconduct of a jury in returning a verdict for an unreasonably small sum, in disregard of the evidence and of the instructions of the court, is presumed to extend to the issue of liability in the absence of satisfactory evidence of facts occurring at the trial from which it can be found that it was due to other causes. *Doody* v. *Railroad, supra,* 166, 167. The defendants' exception to the denial of their motion to set aside the verdict as to liability therefore raises the question whether there was sufficient evidence to support the court's finding that the misconduct of the jury was due to a cause which did not affect the question of liability. The evidence upon which this finding is based consists of (1) the apparent responsive treatment by the jury of the appeal for sympathy by defendants' counsel in argument, and (2) the statement by the jury, upon interrogation before discharge, that they found both automobile drivers negligent.

The questions first presented are whether the presiding justice could treat the over-persuasiveness of argument as a fact occurring at the trial bearing upon the issue as to the cause of the mis-trial, and if so, whether such evidence might be found sufficient to warrant the finding that it, and not a compromise upon the question of liability, accounts for the smallness of the verdict so as to take the case out of the rule in *Doody* v. *Railroad, supra.*

No exception was taken to the argument of defendants' counsel, and it is too late to raise the issue of its impropriety as a matter of law. The absence of an exception to prejudicial argument does not, however, deprive it of evidentiary value upon an issue of fact properly raised to which it is material. It has been pointed out in numerous recent cases that the duty of dealing with argument which would not be held prejudicial or improper as a matter of law rests with the justice who presides at the trial. *Girard* v. *Railroad*, 78 N. H. 406, 408, and cases cited; *State* v. *Ketchen*, 80 N. H. 112.

This means that he has power to set aside a verdict because of such argument; and such action on his part in turn implies that he finds that because of the argument an unfair result was reached in favor of the offending party. The rule that the presiding justice may find that a verdict was produced by such argument is well established, and is merely an instance of the application of the general principle that it is the duty of a judge who has presided at a trial to set aside a verdict when he finds upon competent evidence that, because of partiality, prejudice or mistake, justice has not been done.

In the *Doody* case, there was no evidence that the error was chargeable to anything that occurred in the trial before the jury retired. On the other hand, it appeared that the error occurred while the jury was deliberating upon their verdict, and was solely the result of their perverseness. It followed as a reasonable inference that the jury compromised their differences as to the defendant's liability by returning an inadequate sum for the damages. In the present case, it is conceded that a wrong verdict was rendered, and defendants' motion raises the question as to what produced it. In the absence of any fact to show otherwise, it would be presumed to be the result of a compromise tainting the whole verdict. But the over-persuasiveness of the argument, a fact occurring at the trial, was competent evidence upon the question whether it, rather than a compromise upon liability, produced the erroneous verdict as to damages. The weight of the evidence was for the trial justice, who listened to the argument and observed its effect upon the jury. Therefore, it cannot be said as a matter of law that the prejudicial effect of the argument was not such as to account for the misconduct of the jury to the exclusion of other causes.

The fact, however, that the presiding justice predicates his finding not alone on the apparent responsive treatment by the jury of the appeal not to take "hard earned money from the defendant," but expressly bases such finding in part upon the statements of the jury that they found both automobile drivers negligent, gives rise to the presumption that he regarded the latter as essential evidence in support of his conclusion. It is not clear what deductions were drawn from the answers of the jury, nor how they were applied. But it would seem that reliance was placed upon such answers as proof that the issue of liability was considered, and determined, by the jury separately from, and in advance of, the consideration of the issue of damages. The evidence does not support such conclusion. As there was undisputed evidence of substantial injury to

the McCullum car, the answers simply confirmed (1) the verdict for the passenger plaintiff against the defendants and (2) the verdict for defendants in the suit of McCullum, the driver of the other automobile. Having found the defendants guilty of negligence in (1), they could find for defendants in (2) only by finding the driver McCullum also guilty of negligence. The rule in *Doody* v. *Railroad, supra,* was laid down notwithstanding the jury there found the defendant railroad negligent. The question here, as in the *Doody* case, is not whether the jury found the defendants guilty of negligence, but why they so found and the manner in which they arrived at their conclusion. The answer of the jury manifestly affords no aid upon these issues.

Under the rule laid down in *McBride* v. *Huckins,* 76 N. H. 206, 213, and since followed in *Doody* v. *Railroad, supra; Milford Quarry & Construction Co.* v. *Railroad,* 79 N. H. 525, 526; and *Laird* v. *Railroad,* 80 N. H. 58, 61, the defendants were entitled to have the verdict set aside as to liability unless it "clearly" appeared that the effect of the error did not involve that issue. The measure of the proof required by this rule, in view of the facts that the evidence as to liability was conflicting and that the over-persuasiveness of the argument was insufficient to elicit a protest from opposing counsel, tends to confirm the conclusion that reliance was placed by the trial justice upon the answers of the jury as an essential element in the proof of the issue that the misconduct of the jury did not extend to the question of liability.

As it is possible, however, that the basis of the finding of the presiding justice may have been misunderstood, permission is given to the plaintiff to apply for a finding based only upon a consideration of the competent evidence. In the absence of such a finding, and as the record stands, the defendants' exception to the denial of their motion that the verdict as to liability be set aside must be sustained.

The liability of the defendant, Mary E. Langley, was predicated solely upon the testimony of the defendant husband Charles S. that his wife owned the car, but never drove it; that the car, besides being used by him to transport laundry and supplies for a boarding house where they were employed, was used as a pleasure car for the family. Upon his further undisputed testimony it appeared that at the time of the accident, upon his own suggestion and without the knowledge of his wife, he was taking a boy to deliver an umbrella, an errand in which the wife was not concerned. There was no

evidence that Charles S. was an unsuitable person to be entrusted with the car.

Under the law of principal and agent as interpreted in this state, this evidence does not support the special finding of the jury that "at the time of the collision the defendant Charles was driving Mary's automobile as her agent." *Danforth* v. *Fisher*, 75 N. H. 111, 112; *Dearborn* v. *Fuller*, 79 N. H. 217; *Roulias* v. *Crafts*, ante, 107. The plaintiff in support of the finding invokes the "family purpose" doctrine, which prevails in some jurisdictions. The doctrine for the purposes of this case may be briefly stated, viz.: when the head of a family supplies an automobile as a pleasure car for the use of his family, it can be found that he has made it his business to furnish entertainment for the members of the family, in which event he is liable for the negligence of any member who is permitted to use the car for such member's own personal pleasure, on the ground that the latter is using it in the owner's business as his agent. *Arkin* v. *Page*, 287 Ill. 470; 5 A. L. R. 222; 10 A. L. R. 1449; 19 A. L. R. 384; 20 A. L. R. 1460; 23 A. L. R. 617, 620; 20 Col. L. Rev. 213. If this doctrine could be held to be consistent with the principles of agency as interpreted in this jurisdiction, it could not be found that the defendant Charles S., at the time of the collision, was engaged in the wife's business of operating the car for the pleasure of the family. It is manifest that the car was being put to a use quite distinct from the purposes for which the evidence shows that it was kept, and that the driver was not on a mission for the owner. It follows that the defendant Mary E. Langley's motion for a nonsuit should have been granted.

*Defendant Mary E. Langley's motion for nonsuit granted: case discharged.*

All concurred.