TIZIANO PLACELLA *et al. vs.* ANTONIO ROBBIO *et al.*

JANUARY 18, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *New Trial.*

The fact that the trial court did not discuss whether the verdict was against the evidence in general but ordered a remittitur in the amount of the verdict was warranted where some liability was conceded by defendant and such action by the court was not a substitution of the court's judg-

ment on facts for that of the jury, but was an exercise of his more experienced judgment in ascertaining whether the jury was warranted by a fair preponderance of the testimony in arriving at its verdict.

(2)    *New Trial.*

The duty of the Superior Court in passing upon motions for new trial, is to weigh the evidence, using the court's experience, his observation of the witnesses and incidents of the trial and in the light thereof to say whether the jury's verdict is supported by a fair preponderance of the evidence.

(3)    *New Trial.    Excessive Damages.*

The trial court has power under Gen. Laws, 1923, cap. 348, § 12, to grant a new trial "for any reason for which a new trial is usually granted at common law," and such authority to grant a new trial on the ground of excessive damages is not limited to tort actions but applies to cases in contract also.

ACTION joining counts in assumpsit and covenant. Heard on exceptions of plaintiff and overruled.

BARROWS, J. Action joining counts in assumpsit and covenant. Suit was brought by a father and son, building contractors, for a balance of $4,000 due on the covenant and for the reasonable worth of "extras". Defendants sought to recoup certain lost rentals and these with the extras were the only items on which the testimony conflicted. There was no dispute as to the balance due on the covenant and the amount to which defendants were entitled for payments made on behalf of plaintiffs. The trial resulted in a general verdict for plaintiffs of $2,234.87. They had claimed a balance of $2,877.35. Defendants moved for a new trial averring that the verdict was against the law, against the evidence and that the amount of damages awarded by said verdict was excessive.

The trial court in its rescript said: "As a matter of fact the defendants' only complaint is that the damages are excessive." After a careful consideration of the evidence relating to the fourteen disputed items in plaintiffs' bill of particulars and acceptance of plaintiffs' evidence as against defendants' on the amount of lost rentals, the trial court granted a new trial unless plaintiffs should remit all of the verdict in excess of $1,897.18.

Plaintiffs are before us on exceptions to the ordering of a new trial unless a remittitur be filed. They assert that the court has not held the verdict to be against the evidence; that it only said that in its opinion the damages were excessive and not that the *damages awarded by the verdict* were excessive; that "excessive damages" so found by the court is not a ground for new trial because it is an unwarranted substitution of the court's judgment on facts for that of the jury. The argument misinterprets what the trial court did and misconceives the duty of the Superior

(1) Court in acting upon a motion for a new trial. That the court did not discuss the question as to whether the verdict was against the evidence in general was clearly because some liability was conceded by defendants. The amount of liability found by the verdict, however, was held by the trial court to be partly contrary to the evidence. The lower court said just prior to its summary of its figures fixing the damages, "The account between these parties, therefore, as supported by the evidence . . . may be summarized as follows." In the light thereof to claim that the court conceded that the verdict was not against the evidence and then eliminated the jury and substituted its personal views of the evidence as to amount of liability does not correctly interpret the rescript. What the court actually did was to use his more experienced judgment in ascertaining whether the jury was warranted by a fair preponderance of testimony in arriving at its verdict.

(2) It is not the function of the trial justice to state the law and keep silence after the jury's finding of facts. The duty of the Superior Court in passing upon motions for a new trial has been carefully explained in *McMahon* v. *Rhode Island Company*, 32 R. I. 237. It is to weigh the evidence using the judge's experience, his observation of the witnesses and incidents of the trial and in the light thereof to say whether the jury's verdict is supported by a fair preponderance of the evidence. The trial court in this case did so and we shall later briefly consider the evidence.

The trial court has power to grant a new trial "for any reason for which a new trial is usually granted at common law". Gen. Laws, 1923, Chap. 348, Sec. 12. The history of this statute is carefully traced in *Clark* v. *N. Y., N. H. &* (3) *H. R. R. Co.*, 33 R. I. 83. Plaintiffs contend that the ground for a new trial commonly referred to as "excessive damages" relates only to tort cases where damages are unliquidated and that the statute has no application to cases arising *ex contractu* where there is a general verdict; that when such a verdict is ordered remitted in part there can be no certainty that the jury has not already deducted some of the same items deducted by the court.

The Indiana statute setting forth the grounds for a motion for new trial and cases holding that "excessive damages" thereunder apply only to tort cases is not helpful to plaintiffs because too large or too small damages in contract cases are expressly mentioned in the same statute as a ground for a new trial. *Rohan et al.* v. *Gehring*, 80 Ind. App. 46, following *Lake Erie & Western Ry.* v. *Acres*, 108 Ind. 548.

The trial court's right at common law to grant a full new trial because the verdict is not supported by the evidence is beyond dispute. When the verdict is partly supported, viz., on liability but not on damages, the new trial may be granted on the question of damages only or plaintiff may remit the excess if fixed. *Clark* v. *N. Y., N. H. & H. R. R. Co.*, *supra*. Our statute describes the procedure where a new trial is granted because the verdict is excessive and remittitur fixed. There is no suggestion of its limitation to tort cases, nor is there reason for such a limitation. Plaintiff's claim being contractual is not, as argued, one for liquidated damages. It does not arise out of any express agreement as to the value of the work done. It arises from the implied obligation to pay what the extras are reasonably worth. The damages are unliquidated. "Liquidated damages are those whose amount has been determined by anticipatory agreement between the parties." "Un-

liquidated damages are those not so fixed but determined after they have resulted." Cyc. Law Dict. p. 241; Bouvier Law Dict. Plaintiffs' damages were made up of a group of. items some or all of which might be valid in whole or in part and the amount of a reasonable charge for which, in many instances, was a matter of dispute. The same reason for a remittitur on a general verdict so made up exists in contract as in tort cases where a general verdict has been rendered and damages consist of different items. *Burdick* v. *Weeden,* . 9 R. I. 139. General verdicts covering personal injury and property damage or including compensatory and punitive damages furnish other examples. *Hargraves* v. *Ballou,* 47 R. I. 186. The asserted danger of duplication of deductions by a jury and court assumes that the court and jury start with the sum claimed by plaintiff and make deductions therefrom. This is not the method of approach. In point of fact plaintiffs' verdict is for the total of the items supported by preponderating evidence. The trial court's. result as well as that of the jury can be reached only by determining the amount of each item so supported by the evidence and by adding the several items together. The fact that a jury's verdict is in excess of this total furnishes no good reason for denying the trial court the right to revise the jury's findings. In a building contract case involving a mass of figures and extras there is strong reason why the trial judge should check up, review the items and, if unsupported by the weight of evidence, order a new trial unless a remittitur be filed. Plaintiff's right to a jury trial is still preserved.

The power of this court to order a new trial unless a remittitur has been filed has been often exercised both in contract and tort cases. One building contract case was so treated after a lengthy review. There the Superior Court after a general verdict weighed the evidence on each item and made an order as in this case. *Sherman* v. *Champlin,* 89 Atl. 504. *Marsella* v. *Simonelli,* 43 R. I. 153, was an action of assumpsit with a general verdict where this court.

said the trial court's duty under the statute, if it disapproved the finding as to some of the items, was to fix the amount of the remittitur so that plaintiff might have his option.

Plaintiffs' counsel's argument rested largely upon his legal theory of the court's power. He did not discuss the weight of evidence relating to the several items. We have carefully read the transcript and note that all of plaintiffs' items of extras where not conceded by defendants are based on plaintiffs' view, that the items were not included in the covenant and, except for one item, their value rests on the son's testimony that the charges made were either copied from a book containing actual cost entries or were his general testimony of what the work was worth. This witness says plaintiffs' bill of particulars was prepared from such a book. The book was called for on cross-examination and its production promised on the first day of a four day trial starting on a Friday. The book was never produced and no explanation offered except that it was lost. The figures on which plaintiff so exactly testified two years after the entry, and without memorandum or notes of any kind, involved fourteen disputed items. The first item of hardware installation also was said to have taken 135 hours by the carpenter who did the work as well as by one of plaintiffs. For the defence testimony of the carpenter who did the job covered by item 5, charged as taking approximately 90 hours, was that it took him 40 hours. There is also the evidence of the supervising architect who was in close touch with the job, of another disinterested architect and of two builders one of whom was certainly disinterested. These witnesses testified as to the meaning of the plans and the value of the extras. The evidence as to some items is overwhelming that they were required by the covenant and as to others that the charges are excessive. Two items of the bill of particulars amounting to $379 plaintiffs abandoned during the trial on advice of counsel because the evidence so convincingly preponderated against them. A reading of the evidence suggests strongly an unwarranted exaggera-

tion of plaintiffs' claims for extras. We have rechecked all the items which the trial court discussed and we think that the justice allowed as much to plaintiffs on each as any jury on a fair view of the evidence could allow. No error was made by the trial court in ordering the new trial unless the remittitur was filed.

The exceptions of plaintiffs are overruled. The case is remitted to the Superior Court for a new trial unless the plaintiffs on or before January 25, 1926, shall file in the Superior Court a remittitur of all of said verdict in excess of $1,897.18. In case the plaintiffs shall file such remittitur the Superior Court is directed to enter its judgment for the plaintiffs on the verdict as reduced by the remittitur.

*Edward M. and John J. Sullivan*, for plaintiffs.
*Peter W. McKiernan*, for defendants.