CLARENCE PARIZO *v.* JOHN WILSON ET AL.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 6, 1929.

*C. O. Granai, E. C. Dufficy,* and *J. W. Gordon* for the defendants.

*J. A. McNamara* and *Guy M. Page* for the plaintiff.

MOULTON, J. This is an action in tort to recover for injuries to person and property arising from an automobile collision. The accident took place in Canada, a short distance north of the border. The plaintiff was driving south, and the defendant's car was proceeding in the opposite direction. After a trial by jury, the verdict was for the plaintiff as against the defendant Wilson, with damages of $500. The defendant Ferrari was found not liable. It appeared that Ferrari owned the car, and that Wilson was driving it. Whether Ferrari was present was a controverted question, but certain evidence tended to show that Wilson was his agent, and, at the time of the accident, was driving his car as such.

At the close of all the evidence, the defendants seasonably moved for a directed verdict, and the first exception briefed is to the overruling of the motion. The only ground relied upon is that the evidence, taken in the most favorable light for the plaintiff, showed that he was guilty of contributory negligence. ■ The accident took place after dark. The plaintiff testified that he did not see the lights of the defendant's car until it was about 15 feet away, and from this it is argued that he was not keeping watch of the road, and that his failure to do so was negligence.

The collision happened at the top of a knoll, where the road curved to the right of the direction in which the plaintiff's car was proceeding. The evidence tended to show that he was driving at between 20 to 25 miles an hour, and on the extreme right-hand side of the road. The road was smooth and about 20 feet wide. When he reached the top of the knoll, he saw the lights of the defendant's car approaching, and pulled out still further to the right, so that the right-hand wheels of his car were in the ditch by the roadside. The plaintiff's evidence tended also to show that the defendant's car was approaching upgrade on the opposite side of the knoll at a speed of 40 to 50 miles an hour. The evidence tended to show that curve had the effect of throwing the lights of the defendant's car to one side, so that they would shine away from the road.

It is evident, of course, that any estimate of distance or speed must, under the circumstances, be somewhat inaccurate, but even with this in mind, the question whether the plaintiff

was negligent in the respect claimed, and if so, whether such negligence was a part of the proximate cause of the accident was, on the evidence, for the jury.

It is argued that the fact that the plaintiff suffered injuries to his left arm showed that his arm was outside the body of the car, and that the necessary inference is that he was driving with one hand, which was negligence in itself. Without accepting this legal conclusion, it is enough to say that the claim is refuted by the transcript. The plaintiff testified that his left arm was resting on the ledge of the window of the car, but not projecting beyond it, and that he was using both hands on the wheel. This evidence was corroborated by the plaintiff's brother, who was with him. No evidence to the contrary was introduced.

So, too, the fact that, upon ascending the knoll, the plaintiff did not sound his horn, did not constitute contributory negligence as a matter of law. It was clearly for the jury to pass upon this question. There was no error in overruling the motion for a verdict.

This disposition of the matter makes it unnecessary to consider the plaintiff's argument that the motion was waived by not being renewed after the case was reopened to permit the introduction of evidence which bore upon the question of damages only.

The court permitted counsel for plaintiff to argue the subject of exemplary damages to the jury, and, also, charged upon this class of damages. The defendants excepted. But, at most, harmless error only was committed, because it is apparent that no exemplary damages were awarded. By a special verdict the general verdict of $500 was apportioned as follows: Damages to the car $150; damages to person, $350. The rule is well settled that a judgment will not be reversed for an error that, by the verdict, is rendered immaterial. *Nones* v. *Northouse,* 46 Vt. 587, 593; *State* v. *Prouty,* 94 Vt. 359, 364, 111 Atl. 559; *Prouty* v. *Pellett & Skinner,* 96 Vt. 53, 57, 117 Atl. 373; *McKinstry* v. *Collins,* 74 Vt. 147, 159, 52 Atl. 438; *Lamoille County Natl. Bank* v. *Hunt,* 71 Vt. 251, 44 Atl. 347.

The plaintiff moved to set aside the verdict against Wilson as to the damages only, claiming that the amount awarded was entirely inadequate, and that the jury, in assessing the damages, failed to follow the law laid down by the court, and did not

base their verdict upon the evidence; and as to Ferrari because it was contrary to the law and the evidence and inconsistent with the finding of liability on the part of Wilson. This motion was granted, the verdict was set aside, and a new trial was ordered, on the question of damages only as against Wilson, and on all issues as against Ferrari. Each defendant excepted.

The exception on the part of Ferrari is inadequately briefed. All that is said in regard to it is: "We claim, too, that judgment should be rendered on the verdict in favor of Ferrari as we have shown in our previous discussion." The "previous discussion" so alluded to, relates solely to the propriety of setting aside in part the verdict against Wilson. This is not enough; the point is not for consideration. *Bean* v. *Colton,* 99 Vt. 45, 47, 130 Atl. 580; *Dumont* v. *Cromie,* 99 Vt. 208, 215, 130 Atl. 679; *Capital Garage Co.* v. *Powell,* 97 Vt. 204, 209, 122 Atl. 423; *McAllister* v. *Benjamin,* 96 Vt. 475, 497, 121 Atl. 263; *Dent* v. *Bellows Falls St. Ry. Co.,* 95 Vt. 523, 524, 116 Atl. 83. We do not search the record for evidence to form a basis on which to reverse the ruling below. *Sormani* v. *Christianson,* 100 Vt. 185, 187, 135 Atl. 769; *Raithel* v. *Hall,* 99 Vt. 65, 74, 130 Atl. 749; *Goodrich* v. *Fuller,* 99 Vt. 6, 7, 130 Atl. 679.

In considering the exception of defendant Wilson, we are called upon for the first time to pass upon the power of a trial court to set aside a verdict and order a new trial upon one issue only. But we have no doubt that such power exists. The authority of the trial court in a proper case to set aside a verdict *in toto,* because of the award of excessive or inadequate damages, is well established. *Smith* v. *Martin,* 93 Vt. 111, 122, 106 Atl. 666; *Barrette* v. *Carr,* 75 Vt. 425, 428, 56 Atl. 93; *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 158, 159, 130 Atl. 758. And where the error upon the record affects one issue only, this Court will reverse the judgment and remand for a new trial upon that issue alone. This is the case where the error affects only the question of damages, *Marshall* v. *Dalton Paper Mills,* 82 Vt. 489, 504, 505, 74 Atl. 108, 24 L. R. A. (N. S.) 128; *Austin & McCargar* v. *Langlois,* 83 Vt. 104, 107, 74 Atl. 489; *Adams* v. *Cook,* 91 Vt. 281, 287, 100 Atl. 42; *Baldwin* v. *Gaines,* 92 Vt. 61, 73, 102 Atl. 338; *Ryder* v. *Vermont Last Block Co.,* 91 Vt. 158, 167, 168, 99 Atl. 733; *Green* v. *LaClair,* 89 Vt. 346, 350, 351, 95 Atl. 499; *Kenneth et al.* v. *Tudor et al.,* 85 Vt.

190, 197, 81 Atl. 633; *Parker* v. *Roberts,* 99 Vt. 219, 227, 131 Atl. 21, 49 A. L. R. 1832; and where it affects only the question of liability, *Cross* v. *Passumpsic Fibre Leather Co.,* 90 Vt. 397, 413, 98 Atl. 1010; *Griffin* v. *Boston & M. R. R.,* 87 Vt. 278, 295, 296, 89 Atl. 220. It would seem naturally to follow that, if this Court can correct an error by remanding the case for retrial upon one issue, the lower court can prevent the commission of the error by a similar procedure. As was said by the late Mr. Justice Taylor in *Smith* v. *Martin, supra,* at page 127 of 93 Vt. (106 Atl. 673): "The tendency of modern times has been to liberalize rules of practice in the direction of avoiding unnecessary retrials."

This practice has been recognized and followed in other jurisdictions, in the absence of express statutory authority. *Simmons* v. *Fish,* 210 Mass. 563, 568, 97 N. E. 102, Ann. Cas. 1912D, 588; *Clark* v. *N. Y., N. H. & H. R. R. Co.,* 33 R. I. 83, 80 Atl. 406, 413, 414, Ann. Cas. 1913B, 356; *Placella* v. *Robbio,* 47 R. I. 180, 131 Atl. 647, 648; *Murray* v. *Krenz,* 94 Conn. 503, 109 Atl. 859, 860, 861; *Doody* v. *Boston & M. R. R.,* 77 N. H. 161, 89 Atl. 487, 490, Ann. Cas. 1914C, 846; *Moulton* v. *Langley,* 81 N. H. 138, 124 Atl. 70, 71; *Yazoo, etc., R. R. Co.* v. *Scott,* 108 Miss. 871, 67 So. 491, L. R. A. 1915E, 240, 253, 254, and cases cited in note page 258, Ann. Cas. 1917E, 880; *Robinson* v. *Payne,* 99 N. J. Law, 135, 122 Atl. 882, 883, 884.

It is said in *Lisbon* v. *Lyman,* 49 N. H. 553, 600, 601, that, when an error has happened in a trial, the party prejudiced by it has a right to the correction of the error, but has not a right to a new trial if the error can be otherwise corrected; but, if the error cannot be corrected without a new trial, then the legal right extends only to a new trial of that part of the case which contains the error.

In *Simmons* v. *Fish, supra,* it is said by Chief Justice Rugg:

"If it (the trial court) is convinced upon a review of the whole case that the jury have settled the issue of liability fairly and upon sufficient evidence, so that disassociated from other questions it ought to stand as the final adjudication of the rights of the parties, and that there has been such a gross error in the determination of damages as requires the setting aside of the verdict, that court has the power to do so and confine a new trial to damages alone.

It is a power which ought to be exercised with great caution, with a careful regard to the rights of both parties, and only in those infrequent cases where it is certain and plain that the error which has crept into one element of the verdict by no means can have affected its other elements. But when a proper occasion clearly exists, it is in the interests of justice to exercise the power.''

By the statute in force at the time of the above-quoted opinion (Rev. Laws of Mass. Ch. 173, p. 112) the trial court had the power to set aside verdicts and ''order a new trial for any cause for which a new trial may at law be granted.'' In Vermont we have no such statutory provision, but the county court by G. L. 1604, has ''original and exclusive jurisdiction of all original civil actions, except those made cognizable by a justice or by a municipal or city court,'' but since, as we have seen, the power exists to set side a verdict as a whole, independently of statute, the difference in the statutory provisions to which we have referred is not important.

██ This procedure does not deprive the parties of their constitutional rights to a jury trial. *Opinion of the Justices*, 207 Mass. 606, 609, 94 N. E. 846; *Robinson* v. *Payne, supra*, (99 N. J. Law, 135), page 885 of 122 Atl.; *Yazoo, etc., R. R. Co.* v. *Scott, supra* (108 Miss. 871, 67 So. 491), page 263 of L. R. A. 1915E. Neither is it a denial of due process of law. *Yazoo, etc., R. R. Co.* v. *Scott, supra*. In an able and exhaustive opinion in *McKeon* v. *Central Stamping Co.*, 264 Fed. 385, Judge Buffington of the United States Circuit Court of Appeals for the First Circuit, reaches the conclusion that the practice of granting a new trial upon one issue only is in violation of the Seventh Amendment to the federal Constitution. But the ''Seventh Amendment applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same.'' *Minneapolis & St. L. Ry. Co.* v. *Bombolis*, 241 U. S. 211, 217, 60 L. ed. 961, 963, 36 Sup. Ct. 595, 596, L. R. A. 1917A, 86, Ann. Cas. 1916E, 505, and cases cited. The validity of the practice of partial new trials in the latter class of courts was recognized in *Norfolk S. R. Co.* v. *Ferebee*, 238 U. S. 269, 273, 59 L. ed. 1303, 1305, 35 Sup. Ct. 781. Furthermore, the holding in *McKeon* v. *Central*

*Stamping Co., supra,* has been criticized (34 Harvard Law Review, 71; Scott, Fundamentals of Procedure in Actions at Law, 118), and the weight of authority, in the federal courts, appears to be *contra. Farrar* v. *Wheeler,* 145 Fed. 482, 75 C. C. A. 386; *Calaf* v. *Fernandez,* 239 Fed. 795, 152 C. C. A. 581; *Original, etc., Mine Co.* v. *Twenty-one Mining Co.* (Dist. Ct.), 254 Fed. 630.

As in the case of a reversal in this Court and remand for a partial retrial, the rule is to be applied with caution with a view to the furtherance of justice, and whether or not it shall be applied is always a matter which rests within the sound discretion of the court. *Gaines* v. *Baldwin,* 92 Vt. 451, 452, 453, 104 Atl. 825; *Griffin* v. *Boston & M. R. R., supra; Simmons* v. *Fish, supra.* An error may ostensibly relate to one issue only, but be of such a character as to have a prejudicial effect upon the other, and in such a case a full retrial should be had. *Griffin* v. *Boston & M. R. R., supra.* And although an error affects one issue only, a new trial on all issues is to be granted where this will best subserve the ends of justice. *Carpenter* v. *Central Vermont Ry. Co.,* 90 Vt. 35, 38-40, 96 Atl. 373. In order that a partial new trial may be ordered "it must clearly appear that the effect of the error did not extend to all the issues tried." *McBride* v. *Huckins,* 76 N. H. 206, 213, 81 Atl. 528, 531, 532.

Where, from the inadequacy of the damages awarded in view of the evidence on the subject and the conflict of the evidence upon the question of liability, or from other circumstances, the plain inference may be drawn that the verdict is the result of a compromise, the error taints the entire verdict, and a new trial should be ordered upon all issues. *Simmons* v. *Fish, supra,* pages 570-572 of 210 Mass. (97 N. E. 102); *Doody* v. *Boston & M. R. R., supra; Moulton* v. *Langley, supra; Savegh* v. *Davis,* 46 R. I. 375, 128 Atl. 573; *F. & B. Livery Co.* v. *Indianapolis Traction & Terminal Co.,* 71 Ind. App. 203, 124 N. E. 493. In fact, it has been said that, in the absence of any fact to show otherwise, the award of an unreasonably small amount as damages "would be presumed to be the result of a compromise tainting the whole verdict." *Moulton* v. *Langley. supra.* In *F. & B. Livery Co.* v. *Indianapolis Traction & Terminal Co.,* the allowance of nominal damages was held to be conclusive proof of improper compromise. A compromise verdict is defined in *Simmons* v. *Fish, supra,* at page 571 of 210

Mass. (97 N. E. 106), to be one "which is reached only by the surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue, and the result is one which does not command the approval of the whole panel." Such a verdict is "founded upon conduct subversive of the soundness of trial by jury." While the jury room may not be entered, and the deliberations are secret and ordinarily cannot be made the subject of testimony by the jurors, what went on may be learned from other sources, and "it is not infrequently possible to determine with some approximation to accuracy what went on there from the result produced." On page 572 of the same opinion (97 N. E. 106), occurs this language:

"But it would be a gross injustice to set aside such a verdict as to damages alone against the protest of a defendant, and force him to a new trial with the issue of liability closed against him, when it appears obvious that no jury had ever decided that issue against him on justifiable grounds."

The defendant, Wilson, in the court below, made no objection to the form or scope of the motion to set aside the verdict; and so this question is not before us. The motion, as against him, was based upon two grounds: (1) That the damages awarded were grossly inadequate; (2) that the jury failed to follow the instructions of the court with regard to damages, and failed to base the verdict as to damages upon the evidence. Since the motion was in part, at least, addressed to the discretion of the court (*Dyer* v. *Lalor*, 94 Vt. 103, 114, 109 Atl. 30; *Woodhouse* v. *Woodhouse, supra,* at page 153 of 99 Vt. [130 Atl. 758]; *Barrette* v. *Carr, supra,* at page 427 of 75 Vt. [56 Atl. 93]), we will presume, the contrary not appearing, that the ruling was made as a matter of discretion. *Temple* v. *Atwood,* 99 Vt. 434, 435, 134 Atl. 591; *Parkhurst* v. *Healy's Estate,* 97 Vt. 295, 296, 122 Atl. 895; *State* v. *Fairbanks,* 101 Vt. 30, 34, 139 Atl. 918. And so we cannot reverse unless an abuse of discretion, or what in law amounts to that, affirmatively appears. *Woodhouse* v. *Woodhouse, supra.*

It was conceded by the defendant's counsel in argument that the damages, at least so far as the personal injuries were concerned, were entirely inadequate; and, indeed,

this appears to be the case. The amount allowed, as we have seen was $350. The plaintiff suffered an arm broken in two places, with the bones projecting through the skin. He was confined in the hospital for about three weeks. His bill for surgical attendance was $140 and his hospital bill $90. The evidence amply showed pain and suffering, and an impairment in the use of the arm, probably permanent in nature, as well as loss of earnings. As to the injuries to the automobile, allowed at $150 the evidence showed a repair bill of approximately $250. All of these items were submitted to the jury in the charge of the court. In fact, the defendant's brief states that since the trial court has found the damages to be inadequate, we must accept that finding.

The record discloses no grounds for the exception, but since the ruling rested in the court's discretion, the only ground can be that there was an abuse thereof. The defendant says on one page of the brief, that the verdict as rendered ought to stand. But this position is inconsistent with the admission that the damages were inadequate. If we take the claim of the defendant to be that it was an abuse of discretion to disturb the verdict, obviously, in view of what we have said, there is no merit in this contention.

The defendant says elsewhere in the brief, that the evidence was such that the issue of damages could not be separated from the issue of liability, and suggests, in argument, that the verdict was the result of an improper compromise on the latter question. If these claims are sound, they are not reasons that the verdict should stand, but rather that it should be set aside in its entirety. See cases heretofore cited. It does not appear from the record that the point that it was an abuse of discretion to set aside the verdict in part only, and not as a whole, was made in the court below, but if we assume that it was, still such abuse does not affirmatively appear. We must, in this case as in all others, make every presumption in favor of the ruling below which is not positively inconsistent with the record, and the record must be construed to sustain the ruling, if it can reasonably be done. *Read & Davis* v. *Reynolds,* 95 Vt. 45, 46, 112 Atl. 359; *Woodhouse* v. *Woodhouse, supra; Button* v. *Knight,* 95 Vt. 381, 384, 115 Atl. 499. On the record in this case we cannot say that a finding that the evidence tending to show liability was clear and distinct from that relating to the

question of damages, so that the two issues were separable; or a failure to discern any perceptible odor of improper compromise about the verdict, regardless of what this Court or any other court might have done in the circumstances, shows that the discretion of the trial court "was exercised on grounds, or for reasons, clearly untenable, or to an extent clearly unreasonable, which is the recognized test in this State." *Temple* v. *Atwood, supra.*

*Judgment affirmed and cause remanded.*

CHASE, J., having resigned, took no part in this decision.