## MUTUAL BEN. HEALTH & ACCIDENT ASS'N v. THOMAS.

### No. 12018.

Circuit Court of Appeals, Eighth Circuit.

Nov. 17, 1941.

M. W. Gannaway and A. F. House, both of Little Rock, Ark., for appellant.

Sam Robinson, of Little Rock, Ark. (Ward Martin, of Little Rock, Ark., C. E. Johnson, of Ashdown, Ark., and John S. Gatewood, of Little Rock, Ark., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellee as plaintiff to recover on a policy issued to her husband, Henry A. Thomas, which provided indemnity for both accident and sickness disability. The policy contained exception of liability for death, disability, or other loss, resulting from insanity. It provided indemnity in the amount of $200 a month so long as the insured should live, for whole and continuous or total disability resulting in total loss of time caused directly and independently of all other means from bodily injuries sustained through purely accidental means. Plaintiff alleged that on or about April 21, 1932, the policy being then in full force and effect, the insured sustained bodily injuries through purely accidental means while he was driving an automobile which ran off the highway and into a creek. It was alleged that as a result of such injuries, he suffered concussion of the brain and a profound shock to his mental and nervous system, resulting in total disability since June 1, 1932. The defendant admitted the issuance of the policy but denied that the insured suffered bodily injuries through accidental means, admitted that he was incapacitated by mental disturbances since July, 1932, but denied that it had been continuous, and alleged that the policy properly construed excepted disability resulting from insanity and pleaded that plaintiff had failed to furnish notice and proofs of loss as required by the provisions of the policy. The case has been twice tried, the judgment for plaintiff entered on the first trial having been set aside by the lower court.

At the conclusion of all the evidence, defendant moved the court for a directed verdict in its favor. This motion was denied

and the case was submitted to the jury upon instructions to which defendant saved a number of exceptions. The jury returned a general verdict in favor of the plaintiff in the sum of $1,750. So far as is disclosed by the record, the verdict was received and filed without objection from the plaintiff. Four days subsequent to the return of the verdict, plaintiff filed a motion asking the court to enter judgment in her favor on the verdict of the jury for the amount due according to the terms of the policy; to-wit, $20,150, with interest thereon at the rate of six per cent per annum from the due date of each monthly installment until paid, together with the statutory penalty of twelve per cent on the principal amount and a reasonable attorney's fee, besides costs. Defendant opposed the granting of this motion but the court granted the same and entered judgment for $22,276.25. It is recited in the judgment that, "To the action of the Court in entering a judgment in favor of the plaintiff, upon the verdict of the jury, in an amount greater than specified in the verdict, the defendant objected, at the time, and the Court overruled its objections to which defendant, at the time, excepted and asked that its exceptions be noted, which is accordingly done."

Following the entry of this judgment, the defendant filed its motion to set aside the judgment and to grant a new trial, which motion was denied. From the judgment so entered, defendant prosecutes this appeal, urging, among other things, that the court erred in rendering judgment for $22,276.25 on a verdict in the amount of $1,750. It is also urged that the court erred in denying defendant's motion for a directed verdict, and in the giving of certain instructions. In our view of the issues, it will only be necessary to consider the action of the court in entering judgment for an amount greater than that found by the jury.

Plaintiff did not move for an instructed verdict; neither did she except to the verdict as returned by the jury. The verdict, as has been observed, was a general one. Plaintiff contends that the court properly entered judgment non obstante veredicto because defendant tried the case solely upon the theory that there was no liability under the policy and the question of the amount due plaintiff was not made an issue. By the Seventh Amendment to the Constitution, it is provided that, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

The courts of the United States are by this amendment prohibited from re-examining any facts tried by a jury otherwise than according to the rules of the common law. It has often been pointed out that the only modes known to the common law to re-examine such facts were the granting of a new trial by the court when the issue was tried to a jury, or by granting a motion for a directed verdict. Section 269 of the Judicial Code, 28 U.S.C.A. § 391, provides that, "All United States courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law."

It is now provided by Rule 50 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that a litigant who moves for a directed verdict at the close of the evidence may, if his motion be denied, move to have the verdict and any judgment entered thereon set aside, and to have judgment entered in accordance with his motion for a directed verdict. It is only where a litigant has made motion for a directed verdict that he may ask the court to enter judgment non obstante veredicto. It is only in this manner that the question may be re-examined as a question of law. To ask the court to enter a judgment, contrary to a general verdict of the jury where no motion for a directed verdict has been interposed, is simply to ask the court to re-examine the facts already tried by the jury, and this the court may not do without violating the Seventh Amendment.

It is, however, urged that the fact of the amount of recovery was not in issue. This, we think, is not sustained by the record as indicated by the instructions. For instance, the court instructed that the fact that insured "has not worked does not of itself constitute proof that he has at all times been wholly and continuously disabled and if you find that sometime subsequent to June 1, 1932, the said Henry Thomas improved to the point where he was not wholly and continuously disabled, as defined in other instructions, then he would be entitled to collect the monthly indemnity only up to the time prior to the date of recovery." The court also instructed as follows: "If you find from the evidence that some time after June 1, 1932, Henry Thomas improved to the point where he could work continuously

and earn a livelihood, then he would not be wholly and continuously disabled within the meaning of the policy notwithstanding the fact that he might not be able to earn as much as he did prior to April 21, 1932."

This clearly warranted the jury in finding that the insured had not been continuously disabled during the entire period subsequent to June 1, 1932, and the verdict of the jury fixing the amount of recovery at $1,750 indicates that it so found.

If it should be conceded that the jury failed properly to respond to the question of damages, that part of its verdict could not be set aside unless it were certain that the error which resulted in inadequate damage did not affect the other issues. Even if the question involved were the right of the court to grant a new trial as to damages alone, that should not be done where there is ground for a strong suspicion that the jury awarded the inadequate damages to plaintiff as a result of a compromise involving the question of liability. Simmons v. Fish, 210 Mass. 563, 97 N.E. 102, Ann.Cas. 1912D, 588; Doody v. Boston, etc., R. R., 77 N.H. 161, 89 A. 487, Ann.Cas.1914C, 846. Thus, in Moulton v. Langley, 81 N.H. 138, 124 A. 70, 71, the court said: "The misconduct of a jury in returning a verdict for an unreasonably small sum, in disregard of the evidence and of the instructions of the court, is presumed to extend to the issue of liability in the absence of satisfactory evidence of facts occurring at the trial from which it can be found that it was due to other causes."

We think the Seventh Amendment denied to the court the power to increase the amount of the verdict in the instant case. This is not a case where the court denied a motion for a new trial on condition that plaintiff remit a portion of an excessive verdict, but a clear case of a change of the verdict of the jury. Except for such unusual cases, and the case of reservation of decision on motion for a directed verdict as provided by Rule 50 of the Rules of Civil Procedure, or the granting of a new trial, the verdict of the jury must be accepted as conclusive. Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636. We do not think the court was at liberty to follow the practice of the State of Arkansas if that differed from that established by the rules of civil procedure. United States v. Kennesaw Mountain Battlefield Ass'n, 5 Cir., 99 F.2d 830. In actions at law, where issues of fact are submitted to the jury as they were in this case, the judgment must conform to and follow the verdict. Texas Compensation Ins. Co. v. Heard, 5 Cir., 93 F.2d 548. Under the Seventh Amendment, the national courts are without power to add to a verdict in a common-law action. Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150. This is not a mere rule of procedure but is based upon the inhibition contained in the Seventh Amendment. Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029.

As the judgment appealed from must be reversed for the error here discussed, we pretermit consideration of the other contentions presented by defendant. The judgment appealed from is reversed and the cause remanded, with directions either to enter judgment in accordance with the verdict, or to grant defendant's motion for a new trial.